**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Southern District of Texas

Case number (*If known*): _____

Chapter you are filing under:
- ☐ Chapter 7
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's name** | Invacare Corporation |
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Top End<br>Alber USA<br>Alber<br>The AfterMarket Group<br>TAG |
| 3. **Debtor's federal Employer Identification Number** (EIN) | 95-2680965 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 1 Invacare Way | |
| Number    Street | Number    Street |
| | |
| | P.O. Box |
| Elyria                OH    44035 | |
| City                State    ZIP Code | City                State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Lorain County | |
| County | Number    Street |
| | |
| | City                State    ZIP Code |

5. **Debtor's website** (URL)    https://na.invacare.com/

6. **Type of debtor**
   - ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   - ☐ Partnership (excluding  LLP)
   - ☐ Other. Specify: _____

| Debtor | Invacare Corporation | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.naics.com/search/ .

5047____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When _____ Case number _____
MM / DD / YYYY

District _____ When _____ Case number _____
MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes. Debtor Freedom Designs, Inc. _____ Relationship Affiliate _____

District Southern District of Texas _____ When 1/31/2023 _____
MM / DD / YYYY

Case number, if known _____

| Debtor | Invacare Corporation | Case number *(if known)* |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number        Street

_____

_____
City                                        State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☑ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☑ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | Invacare Corporation | Case number *(if known)* |
|---|---|---|
| | Name | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☑ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

**Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/31/2023
 MM / DD / YYYY

✖ /s/ Kathleen Leneghan
Signature of authorized representative of debtor

Kathleen Leneghan
Printed name

Title  Senior Vice President and Chief Financial Officer

**18. Signature of attorney**

✖ /s/ Matthew D. Cavenaugh
Signature of attorney for debtor

Date  01/31/2023
 MM / DD / YYYY

Matthew D. Cavenaugh
Printed name

Jackson Walker LLP
Firm name

1401 McKinney Street Suite 1900
Number          Street

Houston                           TX        77010
City                              State    ZIP Code

7137524200                        mcavenaugh@jw.com
Contact phone                     Email address

TX Bar No.24062656                TX                    .
Bar number                        State

---

Debtor   Invacare Corporation _____   Case number (*if known*)_____

First Name      Middle Name      Last Name

## Continuation Sheet for Official Form 201

**10) Pending Bankruptcies**

**Adaptive Switch        Southern District      1/31/2023**
**Laboratories, Inc.     of Texas**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| FREEDOM DESIGNS, INC., | ) Case No. 23-_____ (___) |
|  | ) |
| Debtor. | ) |
|  | ) |

## <u>LIST OF EQUITY SECURITY HOLDERS</u>

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.

| Debtor | Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Freedom Designs, Inc. | Invacare Corporation | 1 Invacare Way, Elyria, Ohio 44035 | 100% |

{10948647: }

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| FREEDOM DESIGNS, INC., | ) Case No. 23-_____ (___) |
|  | ) |
| Debtor. | ) |
|  | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure,

the following are corporations, other than a government unit, that directly or indirectly own 10%

or more of any class of the debtor's equity interest:

| Shareholders | Approximate Percentage of Shares Held |
|---|---|
| Invacare Corporation | 100% |

Fill in this information to Identify the case:

Debtor Name:   Invacare Corporation

United States Bankruptcy Court for the:   Southern District of Texas

Case Number (If known):

☐ Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE OF 5.000 SERIES I CONVERTIBLE SENIOR NOTES DUE 2024 CORPORATE TRUST SERVICES, ATTENTION: BONDHOLDER COMMUNICATIONS 600 SOUTH FOURTH STREET, 7TH FLOOR MAC: N9300-070 MINNEAPOLIS, MN  55415 | CONTACT: ROBERT J. STARK & BENNETT S. SILVERBERG RSTARK@BROWNRUDNICK.COM;BSILVERBERG@BROWNRUDNICK.COM | UNSECURED NOTES | | | | $73,000,000.00 |
| 2 | WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE OF 4.250 CONVERTIBLE SENIOR NOTES DUE 2026 CORPORATE TRUST SERVICES, ATTENTION: BONDHOLDER COMMUNICATIONS 600 SOUTH FOURTH STREET, 7TH FLOOR MAC: N9300-070 MINNEAPOLIS, MN  55415 | CONTACT: ROBERT J. STARK & BENNETT S. SILVERBERG RSTARK@BROWNRUDNICK.COM;BSILVERBERG@BROWNRUDNICK.COM | UNSECURED NOTES | | | | $70,000,000.00 |

Debtor: Invacare Corporation

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 3  WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE OF 5.000 SERIES II CONVERTIBLE SENIOR NOTES DUE 2024 CORPORATE TRUST SERVICES, ATTENTION: BONDHOLDER COMMUNICATIONS 600 SOUTH FOURTH STREET, 7TH FLOOR MAC: N9300-070 MINNEAPOLIS, MN  55415 | CONTACT: ROBERT J. STARK & BENNETT S. SILVERBERG RSTARK@BROWNRUDNICK.COM;BSILVERBERG@BROWNRUDNICK.COM | UNSECURED NOTES | | | | $69,000,000.00 |
| 4  BIRLASOFT SOLUTIONS INC 399 THORNALL STREET 8TH FLOOR EDISON, NJ  08837 | CONTACT: INDU NANGIA & ANAND ABOTI PHONE: 248-880-4043 INDUN@BIRLASOFT.COM;ANAND.ABOTI@BIRLASOFT.COM | TRADE CLAIM | CUD | | | $10,080,467.42 |
| 5  KENCO TRANSPORTATION MANAGEMENT LLC PO BOX 77065 MADISON, WI  53707 | CONTACT: MIKE MCCLELAND PHONE: 423-643-3407 IVCTOC@KENCOGROUP.COM | TRADE CLAIM | | | | $1,932,294.64 |
| 6  CORE HEALTH & FITNESS LLC LA 25 NORTH 2ND RD XINGLIN DISTRICT XIAMEN 361022 CHINA | CONTACT: BETTY LUO PHONE: 888-678-2476 BETTY@LAXIAMEN.COM | TRADE CLAIM | | | | $1,332,175.66 |
| 7  DYNAMIC CONTROLS LTD 17 PRINT PLACE PO BOX 1866 CHRISTCHURCH  08024 NEW ZEALAND | CONTACT: SIMON REES SREES@DYNAMICCONTROLS.COM | TRADE CLAIM | | | | $1,205,233.31 |
| 8  FEDEX PO BOX 371461 PITTSBURGH, PA  15250 | CONTACT: LARRY PUSZKO LPUSZKO@FEDEX.COM | TRADE CLAIM | | | | $1,134,778.20 |
| 9  SAMUEL SON & CO INC 1400 RED HOLLOW RD BIRMINGHAM, AL  35215 | CONTACT: CAROL BROWN PHONE: 419-247-8600 CAROL.BROWN@SAMUEL.COM | TRADE CLAIM | | | | $1,102,296.43 |
| 10  FOAM CRAFT (FUTURE FOAM INC) 2441 CYPRESS WAY FULLERTON, CA  92831 | CONTACT: MIKE URQUHART PHONE: 714-459-9971 MURQUHART@FUTUREFOAM.COM | TRADE CLAIM | | | | $1,101,140.65 |
| 11  RHENUS LOGISTICS CHINA LTD SHENZHEN BRANCH 48-F. SHUN HING SQUARE 5002 SHEN NAN RD EAST SHENZHEN  518001 CHINA | CONTACT: JOANNA ZOU JOANNA.ZOU@CN.RHENUS.COM | TRADE CLAIM | | | | $1,012,490.00 |
| 12  LINAK 2200 STANLEY GAULT PARKWAY LOUISVILLE, KY  40223 | CONTACT: CHRIS SPRIGLER PHONE: 502-318-2127 CSPRIGLER@LINAK-US.COM | TRADE CLAIM | | | | $998,531.95 |

Debtor: Invacare Corporation

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13  G S E TRADING LTD FOSHAN GUANGSHUN ELECTRICAL EQUIPMENT CO LTD NO. 1 HUABAO SOUTH ROAD FOSHAN GUANGDONG  528000  CHINA | CONTACT: NATALIE LUO PHONE: 011-86-757-88023217 LUOCANHUA@GSE.CN | TRADE CLAIM | | | | $845,256.43 |
| 14  XPO LOGISTICS FREIGHT INC PO BOX 77065 MADISON, WI  53707 | CONTACT: MIKE MCCLELAND PHONE: 423-643-3407 IVCTOC@KENCOGROUP.COM | TRADE CLAIM | | | | $836,028.49 |
| 15  PRECISION MEDICAL 300 HELD DRIVE NORTHAMPTON, PA  18067 | CONTACT: JIM PARKER PHONE: 610-262-6090 JPARKER@PRECISIONMEDICAL.COM | TRADE CLAIM | | | | $814,848.02 |
| 16  JIANGYIN HUASHI MEDICAL EQUIPMENT CO LTD JIANGYIN HUASHI VEHICLE SEAT CO IND NO.8 HUAXI ROAD HUASHI TOWN  214421 CHINA | CONTACT: SHI PING HUA PHONE: 011-86-51086213731 SPH@VIP.163.COM | TRADE CLAIM | | | | $746,237.62 |
| 17  CHANGZHOU DADE MACHINE CO.,LTD NO.51 KUNLUN ROAD NEW INDUSTRIAL AREA CHANGZHOU JIANGSU  213031 CHINA | CONTACT: QA:  MR. JIN YINFENG & SALES: COCO JIANG JINYINFENG@CZDADE.NET;COCO@CZDADE.NET | TRADE CLAIM | | | | $629,353.24 |
| 18  ROLLER DIE & FORMING 4630 C R 209 SOUTH GREEN COVE SPRINGS, FL  32043 | CONTACT: KENT HOUSERMAN PHONE: 904-284-5611 KHOUSERMAN@ROLLERDIE.COM | TRADE CLAIM | | | | $498,834.97 |
| 19  ALL PRO FREIGHT SYSTEMS INC PO BOX 614 CRYSTAL LAKE, IL  60039 | CONTACT: JUDY NESTER JNESTER@ALLPROFREIGHT.COM | TRADE CLAIM | | | | $488,663.78 |
| 20  CAREMED SUPPLY INC 7F. NO.2 LN. 235 BAO CHIAO RD XIN TIEN DIST NEW TAIPEI CITY  23145  TAIWAN | CONTACT: JAMES COCUZZA PHONE: 886-2-2917-9808 JCOCUZZA@PRIUSHC.COM | TRADE CLAIM | | | | $469,478.18 |
| 21  NINGHAI JIANPAI AUTOMOTIVE ACCESSORY CO LTD MEILIN INDUSTRY ZONE NINGHAI COUNTY ZHEJIANG PROVINCE  315600 CHINA | CONTACT: XIANGUN GE PHONE: 11-0574-65298888 QUALITY@NBJIANPAI.COM | TRADE CLAIM | | | | $457,543.24 |
| 22  JIANGSU INTCO MEDICAL PRODUCTS CO LTD NO. 77 YANDUNSHAN ROAD DAGANG ZHENJAING JIANGSU  212132  CHINA | CONTACT: JIANG PENG JIANGPENG@INTCO.COM | TRADE CLAIM | | | | $431,519.22 |

Debtor: Invacare Corporation

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 23   NEFF GROUP DISTRIBUTORS INC 9800 ROCKSIDE RD 800 VALLEY VIEW, OH  44125 | CONTACT: JEFF LUECKEJOE RICHARDSON (MAC VALVES) PHONE: 440-835-7010 JLUECKE@NEFFAUTOMATIO N.COMJRICHARDSON@MAC VALVES.COM | TRADE CLAIM | | | | $390,360.07 |
| 24   GALLOP CYCLE CORP 2677 EL PRESIDIO STREET CARSON, CA  90810 | CONTACT: MARK PIKULA PHONE: 310-885-4300 MARPIKULA@GALLOPCORP.C OM | TRADE CLAIM | | | | $381,146.46 |
| 25   ERNST & YOUNG LLP PO BOX 640382 PITTSBURGH, PA  15264 | EYCANADAINVOICEINQUIRY @CA.EY.COM | PROFESSIONAL SERVICE CLAIM | | | | $374,986.00 |
| 26   CUSTOM ENGINEERED WHEELS INC 1851 N FOX FARM RD WARSAW, IN  46580 | CONTACT: TIFFANY KTICHENS PHONE: 530-515-5682 TIFFANY.KITCHENS@CEWMA IL.COM | TRADE CLAIM | | | | $373,574.30 |
| 27   SAP AMERICA, INC PO BOX 734595 STN A CHICAGO, IL  60673 | PHONE: 866-857-2621 FINANCEAR@SAP.COM | IT SERVICE CLAIM | | | | $366,700.21 |
| 28   MICROSOFT CORPORATION ONE MICROSOFT WAY REDMOND, WA  98052 | CONTACT: CHUCK LOVE CHUCK.LOVE@MICROSOFT.C OM | TRADE CLAIM | | | | $347,054.37 |
| 29   U W L INC 1340 DEPOT ST SUITE 103 CLEVELAND, OH  44116 | CONTACT: DAVE GREGSON DAVE.GREGSON@SHIPUWL.C OM | TRADE CLAIM | | | | $330,771.87 |
| 30   NEW PROKIN INTERNATIONAL LTD 51 HUASHIXIA ST SHENCHONG TUN ZHONGSHAN  528437 CHINA | CONTACT: DOUBLE LIU PHONE: 011-86-7608831-6069 DOUBLE.LIU@NEWPROKIN.C OM | TRADE CLAIM | | | | $330,144.29 |

<table>
<tr><td colspan="2" style="background-color:black;color:white"><b>Fill in this information to identify the case and this filing:</b></td></tr>
<tr><td>Debtor Name</td><td>Invacare Corporation</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Southern District of Texas</td></tr>
<tr><td>Case number (<i>If known</i>):</td><td></td></tr>
</table>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule ____*

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/31/2023                        ✖ /s/ Kathleen Leneghan
                MM / DD / YYYY                        Signature of individual signing on behalf of debtor

                                                      Kathleen Leneghan
                                                      Printed name

                                                      Chief Financial Officer
                                                      Position or relationship to debtor



**January 30, 2023**

**Invacare Corporation**

**Resolutions of the Special Committee of the Board of Directors**

The members of the special committee (the "<u>Special Committee</u>") of the Board of Directors (the "<u>Board</u>") of Invacare Corporation, organized and existing under the laws of the State of Ohio (collectively, the "<u>Company</u>"), approved and adopted the following actions at the meeting of the Board held on January 30, 2023:

**WHEREAS**, in connection with a potential restructuring, the Board has considered the Company's liabilities and liquidity situation, as well as the long-term strategic alternatives available to the Company;

**WHEREAS**, on December 9, 2022, the Board established a special committee (the "<u>Special Committee</u>") to investigate, analyze, evaluate, negotiate, and, if appropriate, approve and execute strategic and/or financial options and transactions available to the Companies and its subsidiaries, including, but not limited to, defining capital needs of the Companies, identifying sources of financing, reviewing and, if appropriate, authorizing financing, restructuring, reorganization, recapitalization, merger, divestiture, acquisition, leasing, and similar transactions for the Companies, reviewing and, if appropriate, authorizing strategies for satisfying, compromising or otherwise reducing some or all of the Companies' funded debt and other obligations, evaluating and, if appropriate, authorizing financing to augment the Companies' liquidity, balance sheet, capital allocation, or otherwise, considering strategic and other advice provided by the Companies' authorized officers and representatives ("<u>Management</u>") and the Companies' legal and financial advisors (the "<u>Restructuring Advisors</u>"), reviewing communications, negotiating with any relevant regulatory or government agency, overseeing and authorizing any bankruptcy or similar filing and other related proceedings, matters and transactions in respect of the Company's subsidiaries and/or affiliates (each of the foregoing and any combination of the foregoing, a "<u>Restructuring Transaction</u>"), on an expeditious basis;

**WHEREAS**, the Special Committee has reviewed and considered the presentations by the Restructuring Advisors regarding the liabilities and liquidity of the Company, the strategic alternatives available to them, and the impact of the foregoing on the Company's business;

**WHEREAS**, the Special Committee has had adequate opportunity to consult with Management and the Restructuring Advisors and to fully consider each of the strategic alternatives available to the Company;

## RESTRUCTURING SUPPORT AGREEMENT

**WHEREAS**, the Special Committee has reviewed and considered the materials and presentations by Management and the Restructuring Advisors and the recommendations of Management and the Restructuring Advisors that the Company enter into that certain restructuring support agreement, substantially in the form attached hereto as **Exhibit A** (the "Restructuring Support Agreement"), including all other exhibits, schedules, attachments, and ancillary documents or agreements related thereto;

**WHEREAS**, the Special Committee has reviewed and considered the Restructuring Support Agreement's provisions providing for the implementation of a joint chapter 11 prearranged plan of reorganization for the Companies (as may be amended, modified, or supplemented from time to time, the "Plan") consistent with the Restructuring Support Agreement and related disclosures (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement");

**WHEREAS**, the Companies have negotiated the Restructuring Support Agreement with the Consenting Stakeholders (as defined in the Restructuring Support Agreement);

**WHEREAS**, the Special Committee has had the opportunity to consult with Management and the Restructuring Advisors and obtain additional information, and the Special Committee has determined that the terms of the Restructuring Support Agreement are fair and reasonable to the Company under the circumstances;

**WHEREAS**, the Restructuring Support Agreement provides that it can be terminated if the Special Committee determines, upon advice of counsel, that proceeding with the transactions contemplated thereby would be inconsistent with the exercise of its fiduciary duties or applicable law;

**WHEREAS**, after careful consideration, the Special Committee has determined that the Company's entry into the Restructuring Support Agreement and performance of the transactions contemplated thereby are advisable and in the best interests of the Company and its stakeholders; and

**WHEREAS**, the Special Committee desires to approve the following resolutions.

**NOW, THEREFORE, BE IT RESOLVED**, that the Company and the Restructuring Advisors be, and by the foregoing resolutions are, authorized to finalize, execute, and deliver the Restructuring Support Agreement, subject to appropriate modifications and final negotiations;

**FURTHER RESOLVED**, that the form, terms, and provisions of the Restructuring Support Agreement and the agreements and transactions contemplated by the Restructuring Support Agreement are hereby authorized, adopted, and approved by the Special Committee; and

**FURTHER RESOLVED**, that the Company's execution and delivery of, and its performances of its obligations in connection with, the Restructuring Support Agreement or any other transactions or actions contemplated therein and in the foregoing resolutions are hereby, in each case, in all respects, authorized, and approved.

**CHAPTER 11 FILING**

**IT IS RESOLVED**, that in the business judgment of the Special Committee, it is desirable and in the best interests of the Company, their stakeholders, their creditors, and other parties in interest, that the Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, a voluntary petition for relief (such voluntary petitions, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") or other court of competent jurisdiction, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

**FURTHER RESOLVED**, that any person or persons designated and authorized to act by the Board or the Special Committee, including the Chief Executive Officer, Chief Financial Officer, any Senior Vice President, the Secretary, any Assistant Secretary, any other officer of the Company, or any advisor and agent of the Company (each, an "Authorized Person"), acting alone or with one or more other Authorized Persons be, and hereby is, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operations of the Company's business.

**RETENTION OF PROFESSIONALS**

**IT IS RESOLVED**, that each of the Authorized Persons of the Company, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to employ the following professionals on behalf of such Company:  (i) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, as bankruptcy co-counsel; (ii) the law firm of McDonald Hopkins LLC, as bankruptcy co-counsel; (iii) the law firm of Jackson Walker LLP, as local bankruptcy counsel; (iv) Huron Consulting Group, as restructuring advisor; (v) Miller Buckfire & Co., as financial advisor and investment banker; (vi) Epiq Corporate Restructuring, LLC, as claims, noticing, and solicitation agent and administrative advisor; and (vi) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist such Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of such Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is, authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute (under the company or common seal of such Company, if appropriate) appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such professionals.

## BACKSTOP COMMITMENT AGREEMENT

**WHEREAS**, the Company has negotiated and entered into a backstop commitment agreement, dated on or about the date hereof, in the form or substantially in the form submitted to the Special Committee (the "Backstop Commitment Agreement"), which authorizes the Company to issue new common stock pursuant to the terms set forth therein.

**WHEREAS**, the Company will obtain benefits from the Backstop Commitment Agreement and it is advisable and in the best interests of the Company to enter into the Backstop Commitment Agreement and to perform its obligations thereunder.

**NOW, THEREFORE, BE IT RESOLVED**, that the Special Committee hereby adopts the resolutions below.

**FURTHER RESOLVED**, that the form, terms, and provisions of the Backstop Commitment Agreement, and the transactions contemplated by the Backstop Commitment Agreement (including, without limitation, the issuance of stock thereunder), and all other exhibits, schedules, attachments, and ancillary documents or agreements related thereto, if any, in connection therewith, be, and hereby are, authorized, adopted and approved.

**FURTHER RESOLVED**, that, in the judgment of the Special Committee, it is desirable and in the best interests of the Company (including a consideration of its creditors and other parties in interest) to finalize, execute, and deliver the Backstop Commitment Agreement and all other exhibits, schedules, attachments, and ancillary documents or agreements, subject to appropriate modifications and final negotiations, and the Company's performance of its obligations thereunder.

## CASH COLLATERAL, DEBTOR-IN-POSSESSION FINANCING, AND ADEQUATE PROTECTION

**IT IS RESOLVED**, that the Company will obtain benefits, which are necessary and convenient to the conduct, promotion, and attainment of the business of such Company, from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders, including the prepetition term loan lenders, prepetition ABL lenders, and prepetition secured noteholders, and (b) the incurrence of a $70 million senior secured superpriority debtor-in-possession financing facility, which shall include a "roll up" of $35 million in loans under the Company's prepetition term loan facility (the "DIP Term Loan Facility") on the terms and conditions set forth in the DIP Documents and $[13-17] in revolving credit commitments, which shall include a "roll up" of all of the commitments under the Company's prepetition ABL facility (the "DIP ABL Facility," and together with the DIP Term Loan Facility, the "DIP Facilities");

**FURTHER RESOLVED**, that in order to use and obtain the benefits of the DIP Facilities and Cash Collateral, in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the secured parties (the "Adequate Protection Obligations"), as documented in a proposed order in interim and final form (the "DIP Order") and submitted for approval to the Bankruptcy Court;

**FURTHER RESOLVED**, that the form, terms, and provisions of the DIP Facilities be, and hereby are, in all respects approved, and the Company is authorized to enter into the DIP Facilities subject to approval by the Bankruptcy Court;

**FURTHER RESOLVED**, that the form, terms, and provisions of the DIP Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Persons of the Company be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of such Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Order and the DIP Facilities, and such other agreements, certificates, instruments, notices, receipts, recordings, filings, petitions, motions, or other papers or documents to which such Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively, with the DIP Order and the DIP Facilities, the "<u>DIP Documents</u>"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Special Committee of the Company, with such changes, additions, and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

**FURTHER RESOLVED**, that the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "<u>DIP Transactions</u>"), including the guaranty of the obligations thereunder and the granting of liens on substantially all of its assets to secure such obligations;

**FURTHER RESOLVED**, that the Authorized Persons of the Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, such Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and effectuate the DIP Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, fee letters, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents; and (b) such other agreements, instruments, certificates, notices, assignments, and documents as may be reasonably requested by the agents under the DIP Facilities (the "<u>DIP Agents</u>") (clauses (a) and (b) of this paragraph, collectively, the "<u>DIP Financing Documents</u>");

**FURTHER RESOLVED**, that each of the Authorized Persons of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, such Company to file or to authorize the DIP Agents to file any Uniform Commercial Code (the "<u>UCC</u>") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of such Company that the DIP Agents deems necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of such Company and such other

filings in respect of intellectual and other property of such Company, in each case as the DIP Agents may reasonably request to perfect the security interests of the DIP Agents under the DIP Order; and

**FURTHER RESOLVED**, that each of the Authorized Persons of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, such Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of such Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Financing Documents, which shall in their sole judgment be necessary, proper, or advisable to perform such Company's obligations under or in connection with the DIP Order or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

## GENERAL AUTHORIZATION

**IT IS RESOLVED**, that any acts of the Company or of any Authorized Person, which acts would have been authorized by the foregoing resolutions except that such acts were taken prior to the adoption of such resolutions, are hereby severally ratified, confirmed, approved and adopted as acts in the name and on behalf of the Company;

**FURTHER RESOLVED**, that in order to fully carry out the intent and effectuate the purposes of the foregoing resolutions, the Authorized Persons are hereby authorized to take all such further action, and to execute and deliver all such further instruments and documents, in the name and on behalf of the Company, and to pay all such fees and expenses, which shall be necessary;

**FURTHER RESOLVED**, that any Authorized Person, acting alone or with one or more other Authorized Persons be, and hereby is, authorized, empowered, and directed to take any and all action that he or she deems necessary or proper to assist the Special Committee in carrying out the foregoing, in each case as requested by and under the direction of the Special Committee; and

**FURTHER RESOLVED**, that the Special Committee be, and hereby is, authorized to take all such further action, at the Company's expense, as the Special Committee shall deem necessary, proper, or advisable consistent with these resolutions or in order to carry out fully the intent and purposes of these resolutions.

* * * *

**<u>Exhibit A</u>**

**<u>Restructuring Support Agreement</u>**

**SECRETARY'S CERTIFICATE**
**OF**
**INVACARE CORPORATION**

January 31, 2023

The undersigned, as the duly appointed and acting Secretary of Invacare Corporation, an Ohio corporation (the "Company"), hereby certifies, as Secretary and not in his individual capacity, that:

1. Attached hereto as Exhibit A is a true, correct and complete copy of resolutions duly adopted during a meeting of the Special Committee of the Board of Directors on January 30, 2023 (the "Special Committee") of the Company (the "Resolutions"), which are the only resolutions adopted by the Special Committee approving and authorizing the execution, delivery, and performance of the Restructuring Support Agreement, the filing of the Chapter 11 Cases, the Backstop Commitment Agreement, and the DIP Transactions pursuant to the DIP Financing Documents (each as defined in the Resolutions), which have not been amended, modified, revoked or rescinded and are in full force and effect on the date hereof.

*[Signature Page Follows]*

{10950512: }

IN WITNESS WHEREOF, the undersigned has caused this certificate to be executed on the date first written above.

**INVACARE CORPORATION**

_____

Name: Anthony C. LaPlaca
Title: Secretary

# EXHIBIT A

Resolutions of the Company's Special Committee