IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | CHAPTER 11 |
| | § | |
| INVACARE CORPORATION, *ET AL.* | § | CASE NO. 23-90068(CML) |
| | § | |
| DEBTOR. | § | (JOINTLY ADMINISTERED) |

**MARTY JOE RAINES AND SHANE RAINES'S MOTION FOR RELIEF FROM THE
AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) AND
WAIVER OF THE 30 DAY HEARING REQUIREMENT OF §362(e)**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS
GRANTED, THE MOVANTS MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS.
IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE
MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A
RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS
BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE
HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT
MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON APRIL 27, 2023 AT 10:00 A.M.
IN COURTROOM 401, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TX 77002.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Marty Joe Raines and Shane Raines, as parents and next friends of Caylin Raines, deceased,

and Marty Joe Raines in his individual capacity ("The Raines Family" or "Movants") move the

Court for an order, substantially in the form of the proposed order attached as "**Exhibit A**", that

grants Movants relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and waives the FED.

R. BANKR. P. 4001(a)(3) stay requirement (the "Motion") in the above-captioned bankruptcy case

(the "Bankruptcy Case"). In support, Movants respectfully state as follows:

## I.     PRELIMINARY STATEMENT

1.     By this Motion, and pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure and Rule 4001-1 of the Local Rules for the Southern District of Texas, the Motion seeks to lift the automatic stay to allow the Raines Family to proceed in their pre-petition Oklahoma State Court lawsuit against Invacare Corporation (the "Debtor") for injuries to Marty Joe Raines and the death of their daughter, Caylin Raines. In particular, Movants request that the Bankruptcy Court modify the automatic stay for the purpose of allowing Movants to proceed in the State Court Lawsuit (defined below) and to subsequently take any and all steps and actions to enforce Movants' claims against any assets which are available, including any applicable insurance policies. Granting this Motion will not substantially prejudice the Debtors' or any creditor's rights and claims.

## II.     JURISDICTION | VENUE | STATUTORY PREDICATES

2.     On January 31, 2023 (the "Petition Date"), Invacare Corporation ("Debtor") filed its original voluntary petition under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

3.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1134.

4.     Venue of this case and of this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.     This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(1).

6.     The legal authority predicates for the relief sought in this Motion are 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001, 9013 and 9014, and LBR 4001-1(a) and 9013-1.

## III.     FACTUAL AND PROCEDURAL BACKGROUND

7.     Marty Joe Raines ("Mr. Raines") was driving a van occupied by Caylin Raines and another passenger when a 2015 GMC pickup driven by Carl Leroy Harryman caused a collision

between Mr. Raines' vehicle and a third-party vehicle (the "Collision"). At the time of the Collision, Caylin Raines was seated and restrained in an ATO SOLARA26, SOLARA TILT-IN-SPACE Wheelchair, Serial Number 09BE004084 (the "Wheelchair"), which was properly strapped down and/or restrained at the time of the Collision. Debtor controlled the design, manufacture, distribution, and sale of the Wheelchair.

8.     As set forth in greater detail in the Third Amended Petition, attached hereto as "**Exhibit B**", the Wheelchair was defectively designed, developed, engineered, fabricated, assembled, manufactured, tested, labeled, advertised, marketed, promoted, sold, distributed, delivered, and/or supplied by the Debtor, and the Debtor had received complaints of welds in the frame similar to the Wheelchair breaking, cracking or otherwise separating prior to the Collision.

9.     Mr. Raines and his daughter, Caylin, both suffered severe injuries in the Collision. Ultimately, Caylin succumbed to her injuries and passed away.

10.     On August 7, 2017, the Raines Family filed suit against Harryman and Debtor in The McClain County, Oklahoma District Court under Case No. CJ-2017-138, for their acts and omissions that contributed to and caused the death of Caylin Raines and the severe injuries to Mr. Raines (the "State Court Lawsuit"). The Raines Family has since amended their Original Petition to allege additional causes of action against Carter Healthcare, LLC and Freedom Management Group, LLC, sellers and distributors of the Wheelchair. Harryman was dismissed from the State Court Lawsuit on April 17, 2019.

11.     Among other things as fully set forth in Exhibit B, the Wheelchair was inherently dangerous for its intended use and was not fit for its intended purpose. Further, the Debtor failed to adequately warn the Raines Family of precautions required or risks associated with the use of the Wheelchair.

12.     Upon information and belief, the Debtor is self-insured and presumably carries additional liability insurance, as necessary, to cover the date of loss and personal injury claims.

13.     The Debtor has answered and appeared in the State Court Lawsuit. However, on February 3, 2023, the Debtor served Movants with a Notice of Automatic Stay and Suggestion of Bankruptcy.

## IV.   BRIEF IN SUPPORT

### A.   The Bankruptcy Court has no jurisdiction to liquidate Movants' claims.

14.     As a threshold matter, the Bankruptcy Court does not have jurisdiction to liquidate the claims asserted in the State Court Lawsuit which are solely personal injury claims. Case law within the Fifth Circuit is clear, bankruptcy courts do not have jurisdiction to hear and determine the amount of personal injury tort claims. *In re Fuchs*, 2006 WL 6543977, *2 (Bankr. N.D. Tex. 2006) (holding that "[u]nder 28 U.S.C. §§ 157(b)(2)(B), (b)(2)(O), and (b)(5), only the district court can determine personal injury tort and wrongful death claims against a debtor—a bankruptcy judge simply does not have jurisdiction to liquidate such claims.")(*citing In re Schepps Food Stores, Inc*., 169 B.R. 374 (Bankr. S.D. Tex. 1994)). Movants' claims in the State Court Lawsuit relate to the injuries and damages sustained by Mr. Raines and his daughter in the Collision. A Texas bankruptcy court, after performing an analysis of whether cause existed to lift the stay to allow litigation of a pre-petition personal injury lawsuit stemming from an automobile accident, noted that notwithstanding the cause issue, personal injury claim liquidation cannot go forward in bankruptcy courts and if a creditor seeking to liquidate such claims is not granted relief from stay, he is left with no remedy in any court. *In re Fowler*, 259 B.R. 856, 861 (Bankr. E.D. Tex. 2001) (explaining the due process concerns with failing to lift the stay in personal injury suits against debtor).

**B.      This Court may lift the automatic stay for cause to allow the State Court Lawsuit to proceed.**

15.      Section 362(d)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under [section 362(a)], such as by terminating, annulling, modifying, or conditioning such stay for cause ...." 11 U.S.C. § 362(d)(1). Movants have the burden to establish a prima facie case for relief, then the burden of proof shifts to Debtor to convince the court to continue the stay. *In re Kowalsky*, 235 B.R. 590, 594 (Bankr. E.D. Tex. 1999). Movants request relief from the automatic stay for the purpose of allowing Movants to proceed in the State Court Lawsuit and to subsequently take any and all steps and actions to enforce Movants' claims against any assets which are available, including any applicable insurance policies.

16.      The term "cause" is not defined in the Bankruptcy Code and whether cause exists must be determined on a case-by-case basis on an examination of the totality of circumstances. *See In re Tonthat*, No. 07-30315-H3-13, 2009 WL 2461041, at *2 (Bankr. S.D. Tex. Aug. 7, 2009); *In re Wells*, No. 08-80206-G3-13, 2008 WL 4179238, at *1 (Bankr. S.D. Tex. Sept. 5, 2008); *In re Adebo*, No. 07-36371-H3-13, 2007 WL 3235122, at *2 (Bankr. S.D. Tex. Nov. 1, 2007); *In re Young*, No. 06-80397 G3-7, 2006 WL 3088225, at *2 (Bankr. S.D. Tex. Oct. 20, 2006). The Court has broad discretion to provide appropriate relief from the automatic stay as may fit the facts of a particular case, which includes allowing a lawsuit against debtor to proceed in another forum. *In re Barnes*, 279 F. App'x 318, 319 (5th Cir. 2008); *In re Xenon Anesthesia of Tex., PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014).

17.      In performing the case-by-case "cause" determination, courts primarily focus on the competing interests of the parties and considerations of the policies underlying the automatic stay. *Prince v. CMS Wireless LLC*, No. 4:11-CV-438, 2012 WL 1015001, at *4 (E.D. Tex. Mar.

22, 2012)(quoting *In re Cont'l Airlines, Inc.,* 152 B.R. 420, 424 (D.Del.1993)). Courts acknowledge a host of considerations in determining whether to lift the stay for cause to allow litigation against a debtor to proceed in another form, which include:

- whether the relief will result in a partial or complete resolution of the issues;
- lack of any connection with or interference with the bankruptcy case;
- whether the other proceeding involves Debtor as a fiduciary;
- whether a specialized tribunal has been established to hear the particular cause of action;
-  whether the debtor's insurer has assumed full responsibility;
- whether the action primarily involves third parties;
- whether litigation in the other forum would prejudice the interests of other creditors;
- whether the judgment claim arising from the other action is subject to equitable subordination;
- whether Movants' success would result in a judicial lien avoidable by the debtor;
- interests of judicial economy and the expeditious and economical resolution of litigation;
- whether the proceedings have progressed to the point that parties are ready for trial; and
- impact of the stay on the parties and the balance of harm.

*In re Xenon Anesthesia of Tex., PLLC,* 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014)(*citing In re Curtis,* 40 B.R. 795 (Bankr. D. Utah 1984); *In re Piperi,* 133 B.R. 846, 849 (Bankr. S.D. Tex. 1990); *Sonnax Industries, Inc.,* 907 F.2d 1280 (2nd Cir.1990); *In re United States Brass Corp*., 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994). An additional consideration is whether the creditor is seeking to recover from insurance proceeds. *In re Fowler,* 259 B.R. 856 (Bankr. E.D. Tex. 2001); *see also In re Borbridge, 81 B.R. 332 (E.D.Pa.1988)(*"[t]he easiest ground for determining that 'cause' exists in favor of an unsecured creditor is when the creditor seeks to recover from nonestate property, such as an insurance or indemnity agreement").

18.     The applicable factors that weigh in favor of lifting the stay are that (1) Movants

seek to recover their claims, once liquidated, first, from insurance proceeds, (2) lifting the stay will result in full resolution of the issues, (3) the State Court Lawsuit has no connection to the Bankruptcy Case, (4) the State Court Lawsuit does not have any connection to Debtor acting as a fiduciary; (5) litigation in the State Court Lawsuit would not prejudice Debtor's other creditors; (6) judicial economy weighs in favor of reaching a speedy resolution to Movants' claims; (7) the proceedings have progressed to the point that parties are ready for trial; and (8) no great prejudice exists to the Debtor in lifting the stay.

      **i.**      **Movants seek to recover their claims, once liquidated, first from insurance proceeds.**

19.      Movants request relief from the automatic stay in order to pursue all available assets of the Debtor including existing insurance coverage in place on the date Movants claims accrued. Upon information and belief, the Debtor is self-insured, or was at the time of the Collision, and Movants presume that the Debtor also held additional liability insurance as necessary to cover claims such as the Movants. Debtor failed in the State Court Lawsuit to provide necessary proof of any and all applicable insurance policies. It is from these sources that Movants would seek to recover first.  Only to the extent that such sources proved inadequate would Movants then seek to recover from the Debtor's estate. Therefore, the circumstances in this case strongly support a modification of the automatic stay.

      **ii.**      **No Great Prejudice Exists to Debtor.**

20.      The Debtor will not suffer great prejudice if the stay is lifted and is required to litigate the State Court Lawsuit. The Debtor will have to answer to Movants' claims whether it be in state court, this Court or another Court. In any forum, the Debtor will be required to have counsel to represent it in discovery, motions practice and hearings to liquidate the value of Movants' claims. Put simply, Movants' claims must be addressed in some fashion in some forum in order to

liquidate Movants' claims—the most convenient forum would be the one that Movants' claims have been pending in for approximately **six** years. The cost to the Debtor in defending against Movants' claims would most likely be greater in a new forum given the need to retain new counsel licensed in the new forum. Further, in the event Debtor's insurance carrier provides a defense and/or coverage in the State Court Lawsuit, those fees would not create a burden to this bankruptcy estate.

21.     Further, no great prejudice exists when a debtor will not be held personally responsible for payment of a civil judgment, or when relief from the stay is limited to determinations of liability where the creditor is prohibited from collecting on the judgment. *See In re McGraw*, 18 B.R. 140, 142 (Bankr. W.D. Wis. 1982). Although many courts have considered the issue, no court has held that the costs of defending against a claim alone create a great prejudice. *McGraw*, 18 B.R. 140 at 142. In *McGraw*, the plaintiffs sought relief from a stay to continue litigation of their personal injury claim against McGraw and his former employer in an effort to determine liability only. *McGraw*, 18 B.R. 140 at 141. Although the plaintiffs did not seek damages from McGraw, his presence as a defendant was necessary to determine liability and allow the plaintiffs to recover from his former employer's insurers. *McGraw*, 18 B.R 140 at 142. Even though the insurance company was unlikely to pay for McGraw's defense, the court granted modification of the stay. *McGraw*, 18 B.R 140 at 142.

22.     Like the plaintiffs in *McGraw* who sought payment from McGraw's former employer and insurer, the Movants may seek enforcement of any eventual settlement or judgment from any and all assets available, including the Debtor's self-insured policy and liability insurer, then from estate assets, if necessary. The Debtor should have insurance coverage for the Movants' claims and should already have set aside these funds in anticipation of litigation.

23.     Lifting the automatic stay to allow the State Court Lawsuit to proceed, in light of the foregoing, will not result in any great prejudice to the Debtor or the bankruptcy estate. Accordingly, the factor of prejudice to the Debtor and the bankruptcy estate heavily weighs in favor of this Court lifting the automatic stay for the purpose of permitting the Parties to liquidate and try the underlying disputes in the State Court Lawsuit.

**iii.     Balancing the Hardships & Movants' Readiness for Trial.**

24.     The Court must also weigh the hardship imposed on Movants by the stay verses the hardships a modification would create for the Debtor. *Bock*, 37 B.R. at 566. Courts primarily consider the impact the stay will have in delaying and extending a plaintiff's litigation and recovery and the expense to the debtor in defending the action. *Bock*, 37 B.R., at 566. A stay may effectively deny a plaintiff the opportunity to litigate its claim as evidence ages and memories fade. *Bock*, 37 B.R. at 566. Where the stay does not effectively deny a plaintiff the right to litigate, the plaintiff still suffers an extended delay in judicial proceedings that often lasts a significant length of time even in the absence of a stay. *See Bock*, 37 B.R., at 567. In contrast, the costs of defending a suit or the possibility of a state court judgment against the debtor generally does not create a significant hardship, especially when no enforcement is sought against the debtor. *See Bock*, 37 B.R. at 567.

25.     Courts have consistently held that the potential hardship imposed on the plaintiff by the automatic stay outweighs stay outweighs any hardship on the debtor that modification of a stay allowing liquidation of a claim might create. *See, e.g. Bock*; *In re Harris*, 85 B.R. 858 (Bankr. D. Colo. 1988); *In re Peterson*, 116 B.R. 247 (Bankr. D. Colo. 1990). This is particularly true when a party seeks a judgment to recover from a solvent third party. *Harris*, 85 B.R. at 861. In *Harris*, a plaintiff-creditor sought modification of the automatic stay to proceed with their action against a real estate broker for fraud so they could recover damages from the Colorado Real Estate

Recovery Fund. *Harris*, 85 B.R. at 859. The court modified the stay because preventing collection from a solvent third-party, simply because the debtor filed bankruptcy, was unnecessary and created "a severe hardship on the creditor that clearly outweigh[ed] any hardship to the debtor." *Harris*, 85 B. R. at 861. The *Bock* court, considered loss of witnesses and crowded court dockets in considering the hardships to the parties. *Bock at* 566.

26.     As in both *Bock* and *Harris*, Movants are requesting relief from this stay, in order to proceed against a solvent third-party, the Debtor and any applicable insurance carrier, as necessary. Movants will very likely be prejudiced if the stay is not lifted. As a result of the Debtor's bankruptcy filing, Movants are presently being deprived of pursuing their claims. Less than four months before the filings of Debtor's Notice of Bankruptcy in the State Court Lawsuit, an Agreed Scheduling order was entered setting the trial date for August 14, 2023, attached as "**Exhibit C**". After six years of litigation, Movants were finally approaching their day in court to seek relief against Debtor. This stay clearly imposes hardships on Movants that greatly outweigh any hardship a modification would create for the Debtor.

27.     Where the stayed non-bankruptcy litigation has reached an advanced stage, courts have shown a willingness to lift the stay to allow the litigation to proceed. *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 732 (7th Cir. 1991). In the State Court Lawsuit, the depositions have been taken of the two (2) Plaintiffs, (1) eyewitness/passenger in the Raines' vehicle,  and three (3) separate designated Corporate Representatives of the Debtor.  Additionally, considerable expense has been incurred to retain expert witnesses in the fields of, among other things, metallurgy, engineering (design, materials, testing, and warnings), and issues specific to the Federal Food and Drug Administration (FDA) regulations. Thus, the advanced stage of the State Court Lawsuit, weighs in favor of Movants.

      **iv.**    **Judicial Economy.**

28.     Considerations of judicial economy also favor modification of the stay in this case. Under 28 U.S.C. §157, bankruptcy courts may not conduct proceedings involving "the liquidation or estimation of contingent or un-liquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under Title 11." 28 U.S.C §157(b)(2)(B)(2006). That section further provides that such claims shall be tried in district court in the district in which the bankruptcy case is pending. 28 U.S.C. §157(b)(5)(2006). As a result, the Debtor must defend this action either in state court or in federal district court to liquidate the Movants' interests for purposes of the Debtor's bankruptcy. Additionally, the legislative history of §362 supports relief from the stay to allow a matter to proceed in another forum. *In re Murry Industries Inc.*, 121 B.R. 635, 636 (Bankr. M. D. Fla. 1990). That history states: "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *Murray*, 121 B. R. at 636, citing Senate Rep. No. 989, 95th Cong. 2d Sess., Reprinted in (1978) U.S. Code Cong. & Ad. News 5787, 5836.

29.     For the same reason that the weighing of burdens weighs in favor of lifting the stay to allow the State Court Lawsuit to proceed, the judicial economy considerations weigh in favor of lifting the stay.

**C.**    **Assignment of the Debtor's Rights to Pursue Claims against Carrier.**

30.     An order granting to Movants the assignment of rights from the Debtor to pursue claims against the Debtor's liability carrier is part and parcel with an order granting relief from the automatic stay. The relief from the automatic stay will have no benefit if Movants are not granted the right to pursue recovery against all available insurance policies, including the Debtor's liability

carrier if the value of Movants' claims exceed the Debtor's self-insured policy, which is currently an unknown limit/amount. In the event the Debtor has failed to sufficiently maintain its self-insured amount, then its insurance carrier is necessary.

**D.      Request For A Waiver Of Rule 4001(A)(3) Requirement.**

31.      For the reasons stated above, and particularly due to the need for liquidation of Movant's claims, Movant's also request that this Court waive the FED. R. BANKR. P. 4001(a)(3) stay requirement, so that the Movants may immediately prosecute their state law rights and remedies against the Debtor.

## V.      <u>CONCLUSION AND PRAYER</u>

32.      For the above-stated reasons, Movants respectfully request entry of an order granting this Motion and providing the following relief: a) for an order granting Movants relief from the stay, on the terms set forth herein, pursuant to 11 U.S.C. § 362(d) and FED. R. BANKR. P. 4001; b) for an order waiving the FED. R. BANKR. P. 4001(a)(3) stay requirement, so that the Movants may immediately pursue their state law rights and remedies against Debtor; and c) for such other relief to which this Court deems Movants entitled under the presented facts and circumstances.

Dated:  April 3, 2023

Respectfully submitted,

**CROWE & DUNLEVY, P.C.**

By:  */s/ Christina W. Stephenson*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 737.218.6187
Email: Crissie.stephenson@crowedunlevy.com
ATTORNEYS for The Raines Family

## CERTIFICATE OF CONFERENCE

Pursuant to L.B.R. 4001-1(a), I hereby certify that prior to filing this Motion, on March 30, 2023 at 4:58 p.m., a conferral attempt was made with Debtor's counsel by e-mail at mcavenaugh@jw.com, jwertz@jw.com, mstull@jw.com, and vargeroplos@jw.comt. Debtor's Counsel has not responded to my conferral attempt as of the filing of this Motion.

*/s/ Christina W. Stephenson*
Christina W. Stephenson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system, the U.S. Trustee's Office, Counsel for the Unsecured Creditors' Committee, and all parties requesting notice pursuant to Rule 2002, including the Debtors and their counsel, on this 3rd day of April, 2023.

*/s/ Christina W. Stephenson*
Christina W. Stephenson