IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| INVACARE CORPORATION, *et al.* | § | CASE NO. 23-90068(CML) |
| | § | |
| Debtors. | § | (Jointly Administered) |

## LIMITED OBJECTION TO DEBTORS' FIRST AMENDED PLAN AND RESERVATION OF RIGHTS OF HELENE TANOUS

Helene Tanous ("Ms. Tanous"), a personal injury claimant of Invacare Corporation, by and through her undersigned counsel, as and for her limited objection to and statement of reservation of rights regarding the *First Amended Joint Chapter 11 Plan of Invacare Corporation and its Debtor Affiliates* (the "Plan") respectfully sets forth and alleges as follows:

### Background

1.  On or around June 1, 2019, Ms. Tanous was a guest at Bellagio Resort & Casino. During her stay, she informed the staff that she would need a handicapped shower. Instead of providing a handicapped shower, the staff of Bellagio provided Ms. Tanous with a shower chair that they represented was appropriate for use. That shower chair was manufactured and/or sold to Bellagio by Debtor Invacare Corporation (hereafter "Debtor"). While Ms. Tanous was using the chair, the chair broke and collapsed, causing her to fall to the floor of the shower, which caused her to suffer injuries. Debtor reportedly was self-insured, and represented that it had the ability, as necessary, to cover the date of loss and personal injury claim.

2.  Ms. Tanous filed suit against Debtor and other defendants on April 27, 2021 in the District Court of the State of Nevada, County of Clark, Department No. IV. The lawsuit was styled Case No. A-21-833622-C, *Helene Tanous, Plaintiff vs. Bellagio, LLC, Invacare Corporation, Invacare HCS, LLC, Doe Individuals I through X, and Roe Legal Entities I through*

*X, Defendants* (the "State Court Lawsuit"). Debtor was served with the original complaint on September 10, 2021. On February 3, 2023, Ms. Tanous's counsel received notification from Clark County's E-filing service that Debtor had filed a proceeding under the bankruptcy code and the automatic stay was in effect. Movant's claims in the State Court Lawsuit are for civil negligence and product defect incurred as a result of the wrongful actions by the Debtor.

3. Ms. Tanous filed a motion for relief from stay seeking relief to proceed in the State Court Lawsuit and to subsequently take any and all steps and actions to enforce her claims against any assets which are available, including any applicable insurance policies. Ms. Tanous has learned that there are no available insurance policies to pay her claim, nonetheless, Ms. Tanous seeks relief to liquidate her claim against Debtor through the State Court Lawsuit. A final hearing on Ms. Tanous's motion for relief from stay is set for May 16, 2023, after the confirmation hearing on the Plan.

4. The Plan includes a discharge injunction and discharge of claims in Article VIII. The injunction and discharge is broad and appears to encompass Ms. Tanous's pre-petition claim asserted in the State Court Lawsuit. These provisions of the Plan appear to affect Ms. Tanous's ability to liquidate her claim in the State Court Lawsuit following entry of an order confirming the Plan.

<u>Limited Objection</u>

5. Ms. Tanous objects to the Plan to the extent that it extinguishes her rights to proceed with seeking relief from the stay to liquidate her claims against the Debtor in the State Court Lawsuit and to the extent that the Plan extinguishes her ability to liquidate her claim in the State Court Lawsuit.

6.      In her motion seeking relief from the automatic stay, Ms. Tanous has argued that this Court lacks jurisdiction to hear and determine the amount of her personal injury tort claim. Further, Ms. Tanous should not have to liquidate her claim through the bankruptcy claims resolution process for the same jurisdictional reasons as identified above.  The only appropriate forum for Ms. Tanous to liquidate her claims against the Debtor, regardless of whether the Debtor has available insurance coverage or not, is through the State Court Lawsuit in Nevada.

7.      The Plan should be modified to clearly except Ms. Tanous's claims from the scope of the discharge and discharge injunction provisions so that she may liquidate her claim against the Debtor in the proper forum.

## Reservation of Rights

8.      Ms. Tanous reserves her rights to raise additional grounds for relief requested in this limited objection and to supplement and/or amend this limited objection.  Furthermore, Ms. Tanous reserves her rights as to her motion for relief from stay to raise additional grounds for relief requested in that motion and to supplement and/or amend that motion for relief from stay.

9.      The filing of this limited objection is not to be construed as a waiver of any of Ms. Tanous's rights and/or defenses in connection with any claim asserted by or against Debtor in connection with these Chapter 11 Cases.

Wherefore, Helene Tanous respectfully requests that the Court: (a) sustain her limited objection to the extent set forth herein; and (b) grant Ms. Tanous all other and further relief to which she is entitled at law or equity.

Dated: April 24, 2023

        Respectfully submitted,

        **LANGLEY & BANACK, INCORPORATED**
        745 E. Mulberry, Suite 700
        San Antonio, Texas 78212
        Tel. (210) 736-6600
        Fax (210) 735-6889

        By:    */s/ Allen M. DeBard*_____
                ALLEN M. DeBARD
                State Bar No. 24065132
        COUNSEL FOR HELENE TANOUS

## CERTIFICATE OF SERVICE

    I hereby certify that on April 24, 2023, a true and correct copy of the above and foregoing instrument was served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system.

        */s/ Allen M. DeBard*_____
        ALLEN M. DeBARD