IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| INVACARE CORPORATION, *et al.* | § | CASE NO. 23-90068(CML) |
| | § | |
| Debtors. | § | JOINTLY ADMINISTERED |

**RAFAELA LEAL MUNOZ, INDIVIDIUALLY AND AS PERSONAL REPRESENTATIVE AND/OR ADMINISTRATOR OF THE ESTATE OF LUIS FLORES LEAL, JOE LEAL, AND ELVIRA LEAL'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) AND WAIVER OF 30 DAY HEARING REQUIREMENT OF § 362(e)**

**This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule.**

**Represented parties should act through their attorney.**

**There will be a hearing on this matter on May 25, 2023 at 10:00 a.m. in courtroom 401, 4th Floor, 515 Rusk Street, Houston, Texas 77002.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Rafaela Leal Munoz, individually and as personal representative and/or administrator of the estate of Luis Flores Leal, Joe Leal, and Elvira Leal (collectively, Leal or "Movants") file this Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) and Waiver of 30-Day

Hearing Requirement of § 362(e) (the "Motion") in the above-captioned bankruptcy case (the "Bankruptcy Case"), and in support, respectfully states as follows:

## I.   PRELIMINARY STATEMENT

1. By this Motion, and pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Rule 4001-1 of the Local Rules for the Southern District of Texas, Leal seeks entry of an order granting relief from the automatic stay to permit Movants to continue litigating a pre-petition lawsuit currently pending in the Nueces County, County Court at Law No. 2; styled Case No. 2016-PR-00274-3, *Rafealea Leal Munoz, individually and as personal representative and/or administrator of the estate of Luis Flores Leal, Joe Leal, and Elvira Leal, Plaintiffs v. Invacare Corporation, et al., Defendants* (the "State Court Lawsuit"). A true and correct copy of the Plaintiffs' First Amended Petition, Request for Disclosure, Jury Demand, and Initial Discovery, filed in the County Court at Law No. 2, Nueces County, by Movants is attached hereto as Exhibit "A". Movants request that the Bankruptcy Court modify the automatic stay for the purpose of allowing Movants to proceed in the State Court Lawsuit and to subsequently take any and all steps and actions to enforce his claims against any assets which are available, including any applicable insurance policies. Granting this Motion will not prejudice the Debtors' or any creditor's otherwise applicable rights and claims.

## II.   JURISDICTION

2. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409. The relief requested herein may be granted in accordance with §§ 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### III. FACTUAL AND PROCEDURAL BACKGROUND

**A.  The Bankruptcy**

3. On January 31, 2023 (the "Petition Date"), Invacare Corporation ("Invacare" or "Debtor") filed its original voluntary petition under Chapter 11 of the Bankruptcy Code.

**B.  The State Court Lawsuit**

4. In 2015, Invacare manufactured and sold a new wheelchair which was issued to Mr. Luis Flores Leal. On August 17, 2015, Mr. Leal reported to Invacare that the wheelchair had malfunctioned – namely that it was moving with the seat in the elevated position. On or about October 31, 2015, Mr. Leal was ejected from the wheelchair and as a result suffered severe personal injuries and ultimately death (the "Incident"). Debtor reportedly was self-insured and presumably carries additional liability insurance, as necessary, to cover the date of loss and personal injury claim.

5. Leal filed the State Court Lawsuit against Debtor on October 9, 2017. Debtor filed its Original Answer on November 17, 2017. On February 3, 2023, Leal's counsel received notification from Nueces County's E-filing service that Debtor had filed a proceeding under the bankruptcy code and the automatic stay was in effect.

6. Leal's claims in the State Court Lawsuit are for strict liability (products), negligence, gross negligence, negligence per se, breach of warranty, survival and wrongful death.

7. The Debtor's bankruptcy filing has stayed the State Court Lawsuit.

### IV. LEGAL ARGUMENTS & AUTHORITIES

8. As a threshold matter, the Bankruptcy Court does not have jurisdiction to liquidate the claims asserted in the State Court Lawsuit which are solely personal injury claims. Furthermore, this Bankruptcy Court has authority to lift the automatic stay to permit the Parties to proceed in the State Court Lawsuit for "cause" determined on a case-by-case basis on an

examination of the totality of circumstances. Courts have held that circumstances show lifting the stay is appropriate when no great prejudice to either the bankruptcy estate or the debtor will result from the continuance of the civil action and the hardship to plaintiff caused by the continuance of the stay considerably outweighs the hardship caused to the debtor by modification of the stay.

### A. This Court May Lift the Bankruptcy Stay

9. Case law within the Fifth Circuit is clear that bankruptcy courts do not have jurisdiction to hear and determine the amount of personal injury tort claims. *In re Fuchs*, 2006 WL 6543977, *2 (Bankr. N.D. Tex. 2006) (holding that "[u]nder 28 U.S.C. §§ 157(b)(2)(B), (b)(2)(O), and (b)(5), "only the district court can determine personal injury tort and wrongful death claims against a debtor—a bankruptcy judge simply does not have jurisdiction to liquidate such claims."). Movants' claims in the State Court Lawsuit relate to the injuries and damages sustained by Movants from the Incident. A Texas bankruptcy court, after performing an analysis of whether cause existed to lift the stay to allow litigation of a pre-petition personal injury lawsuit stemming from an automobile accident, noted that notwithstanding the cause issue, personal injury claim liquidation cannot go forward in bankruptcy courts and if a creditor seeking to liquidate such claims is not granted relief from stay, he is left with no remedy in any court. *In re Fowler*, 259 B.R. 856, 861 (Bankr. E.D. Tex. 2001) (stating that this became a due process issue).

10. Finally, a bankruptcy court has authority to lift the automatic stay to permit litigation to proceed in a non-bankruptcy forum for cause, as determined on a case-by-case basis. *See In re Tonthat*, No. 07-30315-H3-13, 2009 WL 2461041, at *2 (Bankr. S.D. Tex. Aug. 7, 2009); *In re Wells*, No. 08-80206-G3-13, 2008 WL 4179238, at *1 (Bankr. S.D. Tex. Sept. 5, 2008); *In re Adebo*, No. 07-36371-H3-13, 2007 WL 3235122, at *2 (Bankr. S.D. Tex. Nov. 1, *In re Young*, No. 06-80397 G3-7, 2006 WL 3088225, at *2 (Bankr. S.D. Tex. Oct. 20, 2006). Specifically, section 362(d)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest and

after notice and a hearing, the court shall grant relief from the stay provided under [section 362(a)], such as by terminating, annulling, modifying, or conditioning such stay for cause ...." 11 U.S.C. § 362(d)(1). The term "cause" is not defined in the Bankruptcy Code and whether cause exists must be determined on a case-by-case basis on an examination of the totality of circumstances. *See In re Tonthat*, 2009 WL 2461041, at *2; In re Wells, 2008 WL 4179238, at *1; *In re Adebo*, 2007 WL 3235122, at *2; *In re Young*, 2006 WL 3088225, at *2. Allowing a matter to proceed in another forum may constitute cause. *In re Young*, 2006 WL 3088225, at *2. The Court has broad discretion to provide appropriate relief from the automatic stay as may fit the facts of a particular case. *Id*.

11. Notwithstanding the foregoing, This Court should modify the automatic stay, assign Debtor's right to assert claims against its liability carrier to Movants, and allow liquidation of these personal injury claims. This relief is provided by 11 U.S.C. §362(d)(1) which states that: "On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay…such as by…modifying, or conditioning such stay…for cause, including the lack of adequate protection of an interest in the property of such party in interest." 11 U.S.C. §362(d)(1)(2006). Because the Code does not define "cause" courts must determine whether it exists on a case-by-case basis. *In re Murray Industries Inc.*, 121 B.R. 635,636 (Bankr. M.D. Fla. 1990).

12. In performing the case-by-case "cause" determination, courts primarily focus on the competing interests of the parties and considerations of judicial economy. *Murray*, 121 B.R. at 636-37. Once a plaintiff-creditor establishes a prima facie case for relief, the burden of proof shifts to the debtor to convince the court to continue the stay. *In re Bruce*, 2000 Bankr. (Lexis) 746, *9 (Bankr. E.D. Pa. 2000). "[T]he easiest ground for determining that 'cause' exists in favor of an

unsecured creditor is when the creditor seeks to recover from non-estate property such as an insurance or indemnity agreement." *In re Bruce*, 2000 Bankr. (Lexis) at *10.

13.     Movants request relief from the automatic stay in order to pursue all available assets of the Debtor including existing insurance coverage in place on the date the Movants' claims accrued. Debtor has indicated it is self-insured. *See* Doc. 336, at ¶ 2. Debtor also has indicated it will supplement with any available indemnity agreements and/or insurance policies:

> (g)   Any indemnity and insuring agreements described in Rule 192.3(f);
>
> **RESPONSE:**
>
> Will supplement.

Respectfully submitted,

LORANCE THOMPSON, P.C.

*Robert Smith*

_____

Robert G. Smith, Jr.
SBN:  00794661
E-MAIL: rgs@lorancethompson.com
2900 North Loop West, Ste. 500
Houston, Texas 77092
Telephone: 713-868-5560
ATTORNEYS FOR DEFENDANTS,
INVACARE CORPORATION AND
INVACARE CONTINUING CARE, INC.

14.     Furthermore, and although the Court is not required to conduct the test to determine if cause exists to lift the automatic stay to allow the State Court Lawsuit to proceed, the applicable factors are: (1) no great prejudice to either the bankruptcy estate or the debtor must result from the continuance of the civil action, and (2) the hardship to the plaintiff caused by the continuance of

the stay considerable outweighs the hardship caused to the debtor by modification of the stay. *Fowler*, 259 B.R. at 860.

                1.        **This Court May Lift the Bankruptcy Stay**

15. Movants aver that the Court is not required to conduct this analysis given the jurisdictional limitations previously discussed, however, if the Court decides to consider the factors, the Debtor will not suffer great prejudice if the stay is lifted and is required to litigate the State Court Lawsuit.

16. Furthermore, the Debtor will have to answer to Movants' claims whether it be in state court, this Court or another Court. In any forum, Debtor will be required to have counsel to represent it in discovery, motions practice and hearings to liquidate the value of Movants' claims. Put simply, Movant is not going to disappear quietly into the night. Movants' claims will be liquidated against the Debtor. The cost to Debtor in defending against Movants' claims would most likely be comparable in any legal forum. Further, in the event Debtor's insurance carrier provides a defense and/or coverage in the State Court Lawsuit, those fees would not create a burden to this bankruptcy estate.

17. No great prejudice to the Debtor or the bankruptcy estate will exist if the Court lifts the stay to permit the Parties to continue the State Court Lawsuit. Here, in part evidenced by Debtor's own actions, a stay would not result in any prejudice, let alone a great one, to the Debtor or the bankruptcy estate and this factor, if considered relevant, weighs substantially in favor of granting relief from the automatic stay. Movants were injured at the hands of Debtor, and Debtor must be forced to face his actions in one forum or another.

18. Further, no great prejudice exists when a debtor will not be held personally responsible for payment of a civil judgment, or when relief from the stay is limited to determinations of liability where the creditor is prohibited from collecting on the judgment. *See In*

*re McGraw*, 18 B.R. 140, 142 (Bankr. W.D. Wis. 1982). Although many courts have considered the issue, no court has held that the costs of defending against a claim alone create a great prejudice. *McGraw*, 18 B.R. 140 at 142. In *McGraw*, the plaintiffs sought relief from a stay to continue litigation of their personal injury claim against McGraw and his former employer in an effort to determine liability only. *McGraw*, 18 B.R. 140 at 141. Although the plaintiffs did not seek damages from McGraw, his presence as a defendant was necessary to determine liability and allow the plaintiffs to recover from his former employer's insurers. *McGraw*, 18 B.R 140 at 142. Even though the insurance company was unlikely to pay for McGraw's defense, the court granted modification of the stay. *McGraw*, 18 B.R 140 at 142.

19.   In the case at hand, modification of the stay will not result in "great prejudice." Movants request modification for the limited purpose of determining liability and damages. Additionally, like the plaintiffs in McGraw who sought payment from McGraw's former employer and insurer, Plaintiff will seek enforcement of any eventual settlement or judgment from any and all assets available, including Debtor's self-insured policy and liability insurer, if necessary. Debtor should already have set aside these funds in anticipation of litigation and should otherwise have coverage for claims that exceed its self-insured policy.

20.   While Congress intended the automatic stay to have broad application, the legislative history to section 362 clearly indicates Congress' recognition that the stay should be lifted in appropriate circumstances. The Senate Report accompanying the Bankruptcy Reform Act of 1978 stated that: "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be

handled elsewhere." See S. Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836 (emphasis added).

21. Lifting the automatic stay to allow the State Court Lawsuit to proceed, in light of the foregoing, will not result in any great prejudice to the Debtor or the bankruptcy estate. Accordingly, the factor of prejudice to the Debtor and the bankruptcy estate heavily weighs in favor of this Court lifting the automatic stay for the purpose of permitting the Parties to liquidate and try the underlying disputes in the State Court Lawsuit.

   2. **This Court May Lift the Bankruptcy Stay**

22. The Court must also weigh the hardship imposed on the plaintiff-creditor by the stay verses the hardships a modification would create for the debtor. *Bock*, 37 B.R. at 566. Courts primarily consider the impact the stay will have in delaying and extending a plaintiff's litigation and recovery and the expense to the debtor in defending the action. *Bock*, 37 B.R., at 566. A stay may effectively deny a plaintiff the opportunity to litigate its claim as evidence ages and memories fade. *Bock*, 37 B.R. at 566. Where the stay does not effectively deny a plaintiff the right to litigate, the plaintiff still suffers an extended delay in judicial proceedings that often lasts a significant length of time even in the absence of a stay. See *Bock*, 37 B.R., at 567. In contrast, the costs of defending a suit or the possibility of a state court judgment against the debtor generally does not create a significant hardship, especially when no enforcement is sought against the debtor. See Bock, 37 B.R. at 567.

23. Courts have consistently held that the potential hardship imposed on the plaintiff by the automatic stay outweighs stay outweighs any hardship on the debtor that modification of a stay allowing liquidation of a claim might create. *See, e.g. Bock*; *In re Harris*, 85 B.R. 858 (Bankr. D. Colo. 1988); *In re Peterson*, 116 B.R. 247 (Bankr. D. Colo. 1990). This is particularly true when a party seeks a judgment to recover from a solvent third party. *Harris*, 85 B.R. at 861. In

Harris, a plaintiff-creditor sought modification of the automatic stay to proceed with their action against a real estate broker for fraud so they could recover damages from the Colorado Real Estate Recovery Fund. *Harris*, 85 B.R. at 859. The court modified the stay because preventing collection from a solvent third-party, simply because the debtor filed bankruptcy, was unnecessary and created "a severe hardship on the creditor that clearly outweigh[ed] any hardship to the debtor." *Harris*, 85 B. R. at 861. The *Bock* court, considered loss of witnesses and crowded court dockets in considering the hardships to the parties. *Bock* at 566.

24. As in both *Bock* and *Harris*, Plaintiff are requesting relief from this stay, in order to proceed against a solvent third-party, Invacare and any applicable insurance carrier, if necessary. Movants will very likely be prejudiced if the stay is not lifted. As a result of the Debtor's bankruptcy filing, Movants are presently being deprived of pursuing their claims. This stay clearly imposes hardships on Movants that greatly outweigh any hardship a modification would create for Invacare.

25. Where the stayed non-bankruptcy litigation has reached an advanced stage, courts have shown a willingness to lift the stay to allow the litigation to proceed. *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 732 (7th Cir. 1991). Movants have disclosed their experts in the State Court Lawsuit, and the case has been set for trial on at least four (4) occasions: September 9, 2019; December 9, 2019; April 14, 2020; October 12, 2020. The parties have continued to work to set the case for trial but have been unsuccessful. Thus, the advanced stage of the non-bankruptcy personal injury case, weighs in favor of Leal.

### 3. This Court May Lift the Bankruptcy Stay

26. A plaintiff need only make a slight showing of probability of success on the underlying personal injury claim. *In re Rexene Prods. Co.*, 141 B.R. 574, 578 (Bankr. D. Del. 1992). This showing is so slight that some courts do not even apply this factor. *See, e.g., Peterson*,

16 B.R. 247 (Bankr. D. Colo. 1990). Movants' claims have merit and are solidly grounded in Texas case precedent. Movants' injuries are serious and compensation for their injuries should be made as soon as practicable.

### B.  Judicial Economy

27.  Considerations of judicial economy also favor modification of the stay in this case. Under 28 U.S.C. §157, bankruptcy courts may not conduct proceedings involving "the liquidation or estimation of contingent or un-liquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under Title 11." 28 U.S.C §157(b)(2)(B)(2006). That section further provides that such claims shall be tried in district court in the district in which the bankruptcy case is pending. 28 U.S.C. §157(b)(5)(2006). As a result, Debtor must defend this action either in state court or in federal district court to liquidate Plaintiff's interests for purposes of Invacare's bankruptcy. Additionally, the legislative history of §362 supports relief from the stay to allow a matter to proceed in another forum. *In re Murry Industries Inc.*, 121 B.R. 635, 636 (Bankr. M. D. Fla. 1990). That history states: "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *Murray*, 121 B. R. at 636, citing Senate Rep. No. 989, 95th Cong. 2d Sess., Reprinted in (1978) U.S. Code Cong. & Ad. News 5787, 5836.

28.  As litigation has become necessary, allowing the action to proceed in state court is simply more efficient. Litigation of the State Court Lawsuit is more appropriate in state court as opposed to a US District Court, where the Texas court is knowledgeable and experienced in personal injury matters such as this instant litigation.

### C. Assignment of Debtor's Rights to Pursue Claims against Carrier

29. An order granting to Leal, the assignment of rights from Debtor to pursue claims against their liability carrier is part and parcel with an order granting relief from the automatic stay. The relief from the automatic stay will have no benefit if Movants are not granted the right to pursue recovery against all available insurance policies, including Debtor's liability carrier, if necessary above Debtor's self-insured policy, which is currently an unknown limit/amount. In the event Debtor has failed to sufficiently maintain its self-insured amount, then its insurance carrier is necessary.

### V. CONCLUSION & PRAYER

30. Notwithstanding the fact that this Court lacks jurisdiction to liquidate the personal injury claims brought in the State Court Lawsuit, cause also exists for this Court to grant relief from the automatic stay to allow Leal to proceed with the litigation in the State Court.

WHEREFORE, Leal requests that this Court enter an order lifting the automatic stay under 11 U.S.C. § 362 allowing the State Court Lawsuit pending in County Court at Law No. 2 of Nueces County to go forward, that Movants be allowed to proceed at the appropriate time to collect any judgment against any available assets, including but not limited to self-insurance proceeds and other insurance policies, and that Movants be permitted to file a proof of claim with the Court. Movants further pray for such further relief to which they may be entitled at law or equity.

        Respectfully Submitted,

        MORROW & SHEPPARD LLP

        */s/ Daniel E. Sheppard*
        Daniel E. Sheppard
        State Bar No. 24103929
        Federal ID: 3120079
        5151 San Felipe, Suite 100
        Houston, TX  77056
        713.489.1206 tel
        713.893.8370 fax
        All E-Service To:
        dsheppard@morrowsheppard.com
        msfiling@morrowsheppard.com
        lrueda@morrowsheppard.com

Of Counsel:

Nicholas A. Morrow
State Bar No.  24051088
Federal ID: 611443
Morrow & Sheppard LLP
5151 San Felipe, Suite 100
Houston, Texas 77056
713.489.1206 tel
713.893.8370 fax
nmorrow@morrowsheppard.com

        **COUNSEL FOR MOVANT**

### CERTIFICATE OF SERVICE

    I hereby certify that on this 25th day of April, 2023 a true and correct copy of the foregoing instrument was served by electronic mail through the Court's ECF system to all parties who have registered an appearance in this case.

        */s/ Daniel E. Sheppard*
        Daniel E. Sheppard