United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INVACARE CORPORATION, ET AL., | ) | Case No. 23-90068 (CML) |
| | ) | |
| Debtor. | ) | (Jointly Administered) |
| | ) | |

**AGREED ORDER REGARDING MARTY JOE RAINES AND SHANE RAINES'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) AND WAIVER OF THE 30 DAY HEARING REQUIREMENT OF §362(e)**

Upon the motion ("Lift Stay Motion")[1] of Marty Joe Raines and Shane Raines, as parents and next friends of Caylin Raines, deceased, and Marty Joe Raines in his individual capacity (the "Raines Family" or "Movants") for entry of an order for relief from the automatic stay pursuant to 11 U.S.C. § 362(d); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and appropriate notice having been provided under the circumstances of the Lift Stay Motion and that no other or further notice is required; and Movants and the Debtors stipulate and agree, and the Court hereby orders (the "Agreed Order") that:

1. Notwithstanding anything to the contrary in the *First Amended Joint Chapter 11 Plan of Invacare Corporation and its Debtor Affiliates* [Docket No. 366] (as may be amended, the "Plan"), or the Confirmation Order, as entered, immediately upon the Effective Date of the Plan, the automatic stay and any injunction provided for in the Confirmation Order or in the Plan, as applicable, shall be lifted or modified to allow (but not require) the prosecution, defense, settlement, and administration of the matter captioned Marty and Joe Raines and Shane Raines, as

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in *Marty Joe Raines and Shane Raine's Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) and Waiver of the 30 Day Hearing Requirement of § 362(e)* [Docket No. 381] (the "Lift Stay Motion").

31962443.4

parents and next friends of Caylin Raines, Deceased, and Marty Joe Raines, individually v. Invacare Corporation, *et al.*, in the McClain County, Oklahoma District Court under Case No. CJ-2017-138 (the "Raines Matter") and the pursuit and liquidation of claims asserted, related to, arising under, or that may otherwise arise under the Raines Matter or the Raines proof of claim (Claim No. 10282) (together, the "Raines Claims").

2. The Raines Claims, including any amounts contained within a self-insured retention, deductible, or similar requirement set forth in any applicable insurance policy of the Debtors, shall be satisfied, if Allowed, pursuant to the Plan as a General Unsecured Claim except to the extent covered by any such insurance policy or policies. Nothing in this paragraph should be construed as (i) creating or enlarging any direct right of action at applicable law, (ii) modifying the terms, conditions, or coverage provided by or under the insurance policies of any of the Debtors or Reorganized Debtors, (iii) an admission that any insurance proceeds are or will be available in respect of the Raines Claims; (iv) precluding or limiting the rights of any insurer to contest or litigate the existence, primacy, or scope of available coverage, or to assert any defenses to coverage, if any insurance coverage exists, or (v) an admission of liability by the Debtors, Reorganized Debtors, or any insurer regarding any claims or causes of arising from or in relation to the Raines Matter, or any other parties.

3. If a judgment is signed or a settlement is reached, the Raines Claim filed by Raines in these cases, if any, shall be subsequently adjusted by the amount of the judgment or settlement on a dollar-for-dollar basis. If a settlement is reached that includes a complete release of Raines' proofs of claim, if any, against Debtors, the Raines Claim shall be withdrawn in its entirety.

4. Nothing in this Stipulation or the relief sought herein shall constitute or be deemed: (a) an allowance of administrative expense claim under section 503(b) of the Bankruptcy Code;

31962443.4

(b) an assumption or rejection of an executory contract or unexpired lease under section 365 of the Bankruptcy Code; (c) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (d) a waiver of the Debtors' or any other party-in-interest's right to dispute any claim on any grounds whatsoever; (e) a promise or requirement to pay any claim; (f) an implication or admission that any particular claim is of a type specified or defined in the Stipulation or a finding that any particular claim is an administrative expense claim or other priority claim; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' bankruptcy estates; or (h) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law.

5. The Court shall retain sole and exclusive jurisdiction with respect to the automatic stay and its application to any actions other than those expressly provided for in this Agreed Order and any disputes arising in respect of termination of the lifting of the stay by failure to meet a necessary condition of the agreement reached between the Parties and approved herein.

Signed: April 27, 2023

_____
Christopher Lopez
United States Bankruptcy Judge

31962443.4

**AGREED IN FORM AND SUBSTANCE**:

**The Raines Family**

By: */s/ Christina W. Stephenson*
CROWE & DUNLEVY, P.C.
Christina W. Stephenson
State Bar No. 24049535
Vickie L. Driver
State Bar No. 24026886
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 737.218.6187
Email:Crissie.stephenson@crowedunlevy.com

**ATTORNEYS FOR THE RAINES FAMILY**

Houston, Texas
Dated: April 27, 2023

/s/ *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER LLP** | **MCDONALD HOPKINS LLC** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | Shawn M. Riley (admitted *pro hac vice*) |
| Jennifer F. Wertz (TX Bar No. 24072822) | David A. Agay (admitted *pro hac vice*) |
| J. Machir Stull (TX Bar No. 24070697) | Nicholas M. Miller (admitted *pro hac vice*) |
| Victoria N. Argeroplos (TX Bar No. 24105799) | Maria G. Carr (admitted *pro hac vice*) |
| 1401 McKinney Street, Suite 1900 | 600 Superior Avenue, E., Suite 2100 |
| Houston, TX 77010 | Cleveland, OH 44114 |
| Telephone: (713) 752-4200 | Telephone: (216) 348-5400 |
| Facsimile: (713) 752-4221 | Facsimile: (216) 348-5474 |
| Email:  mcavenaugh@jw.com | Email:  sriley@mcdonaldhopkins.com |
|         jwertz@jw.com |         dagay@mcdonaldhopkins.com |
|         mstull@jw.com |         nmiller@mcdonaldhopkins.com |
|         vargeroplos@jw.com |         mcarr@mcdonaldhopkins.com |
| | |
| *Co-Counsel to the Debtors* | *Co-Counsel to the Debtors and* |
| *and Debtors in Possession* | *Debtors in Possession* |
| | |
| **KIRKLAND & ELLIS LLP** | **KIRKLAND & ELLIS LLP** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Ryan Blaine Bennett, P.C. (admitted *pro hac vice*) | Erica D. Clark (admitted *pro hac vice*) |
| Yusuf Salloum (admitted *pro hac vice*) | 601 Lexington Avenue |
| 300 North LaSalle Street | New York, New York 10022 |
| Chicago, Illinois 60654 | Telephone: (212) 446-4800 |
| Telephone: (312) 862-2000 | Facsimile:  (212) 446-4900 |
| Facsimile: (312) 862-2200 | Email: erica.clark@kirkland.com |
| Email: ryan.bennett@kirkland.com | |
|        yusuf.salloum@kirkland.com | *Co-Counsel to the Debtors and* |
| | *Debtors in Possession* |
| *Co-Counsel to the Debtors and* | |
| *Debtors in Possession* | |

31962443.4