# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INVACARE CORPORATION, *et al.*,[1] | ) | Case No. 23-90068 (CML) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

## REORGANIZED DEBTORS' SECOND OMNIBUS OBJECTION
## TO CERTAIN PROOFS OF CLAIM (NON-DEBTOR CLAIMS)

> **This is an Objection to your claim(s). This Objection asks the Court to disallow the claim(s) that you filed in this bankruptcy case. If you do not file a response within 30 days after the Objection was served on you, your claim may be disallowed without a hearing.**
>
> **A hearing has been set on this matter on March 19, 2024 at 1:00 p.m. (prevailing Central Time) in Courtroom 401, 4th Floor United States Bankruptcy Court for the Southern District of Texas, 515 Rusk, Houston, Texas 77002.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153.**
>
> **Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "Judge Lopez." Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of the hearing. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields, and click "Submit." to complete your appearance.**
>
> **This Objection seeks to disallow certain proofs of claim. Claimants receiving this Objection should locate their names and Claims on <u>Schedule 1</u> to the Order attached to this Objection.**

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Invacare Corporation (0965); Freedom Designs, Inc. (4857); and Adaptive Switch Laboratories, Inc. (6470). The corporate headquarters and the mailing address for the Debtors is 1 Invacare Way, Elyria, Ohio 44035.

The above-captioned debtors and debtors in possession (collectively, the "Reorganized Debtors" or "Debtors" as appropriate) represent as follows in support of this omnibus claims objection (this "Objection"), and submit the *Declaration of Ching Wei Tan in Support of the Reorganized Debtors' Second Omnibus Objection to Certain Proofs of Claim* (*Non-Debtor Claims*) attached hereto as **Exhibit A** (the "Tan Declaration").

### Relief Requested

1. The Reorganized Debtors seek entry of the proposed order (the "Order") disallowing each Proof of Claim identified on **Schedule 1** to the Order (the "Non-Debtor Claims" and the related claimants, the "Claimants") for the reasons asserted herein. The Debtors have determined that each of the Non-Debtor Claims asserts claims against one of the Debtors' non-debtor affiliates (which are not parties in these bankruptcy cases) or another third party based on a review of the Debtors' claims register, the relevant proofs of claim, the Debtors' books and records, and the supporting documentation provided by each Claimant, if any. As such, the Non-Debtor Claims should be disallowed in their entirety.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Reorganized Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 3007, and rule 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**The Claims Reconciliation Process**

5.  On February 15, 2023, the Court entered the *Order (I) Establishing Deadline for the Filing of Proofs of Claim, (II) Approving the Form and Manner of Notice Thereof, and (III) Granting Related Relief* [Docket No. 186] (the "Bar Date Order"). The Bar Date Order established, among other things, March 16, 2023, as the deadline for all non-governmental entities holding or wishing to assert a "claim" (as defined in section 101(5) of the Bankruptcy Code) against any of the Reorganized Debtors that arose before the Petition Date to file proof of such claim and July 31, 2023, as the deadline for all governmental entities holding or wishing to assert a "claim" (as defined in section 101(5) of the Bankruptcy Code) against any of the Reorganized Debtors that arose before the Petition Date (each, a "Bar Date").

6.  On February 17, 2023, February 28, 2023, March 6, 2023, March 7, 2023, and March 13, 2023, Epiq Corporate Restructuring, LLC (the "Claims and Noticing Agent") mailed notice of the Bar Date Order (the "Bar Date Notice") to thousands of potential claimants in accordance with the procedures outlined therein. *See Affidavits of Service* [Docket Nos. 307, 311, 416, 427, and 491]. The Reorganized Debtors caused the Bar Date Notice to be published in the publications required by the Bar Date Order [Docket Nos. 255, 256, and 257].

7.  On March 2, 2023, the Reorganized Debtors filed their statements of financial affairs and schedules of assets and liabilities [Docket Nos. 259-261, 262-264] (together, as amended, the "SOFAs and Schedules").

8.  To date, over 2,000 proofs of claim have been filed and scheduled against the Reorganized Debtors. The Reorganized Debtors sought and have been granted approval to file omnibus objections to certain claims in accordance with the procedures set forth in the Reorganized Debtors' omnibus claims objection procedures order [Docket No. 702] (the "Objection Procedures").

9. The Reorganized Debtors, together with their contractors and advisors, have diligently reviewed the claims register, the relevant proofs of claim, the Debtors' books and records, and the supporting documentation provided by each Claimant, if any. For the reasons set forth below, and based on their review to date, the Reorganized Debtors believe that the Non-Debtor Claims should be disallowed.

## Objection

10. Section 502 of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502. Further, section 502(b)(1) of the Bankruptcy Code provides that a court "shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—such claim is unenforceable against the debtor and the property of the debtor . . . ." 11 U.S.C. § 502(b)(1). The Objection Procedures authorize the Reorganized Debtors to file omnibus objections to claims on the basis that such claims "are filed against non-Debtors. . . ." Objection Procedures [Docket No. 702] ¶ 1(e).

11. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g., In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). A proof of claim loses the presumption of prima facie validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence. *Id.* Despite this shifting burden during

4

the claim objection process, "the ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15 (2000)).

### The Non-Debtor Claims

12. The Reorganized Debtors object to the Non-Debtor Claims. The Reorganized Debtors, their contractors and advisors reviewed the claims register and the information included in the Non-Debtor Claims identified on **Schedule 1**, and confirmed that each of these claims assert claims against one of the Debtors' non-debtor affiliates (which are not parties to these bankruptcy cases) or another third party. Failure to disallow the Non-Debtor Claims could result in an improper recovery on account of the Non-Debtor Claims to the detriment of other creditors. The Reorganized Debtors request that the Court enter the Order disallowing those Non-Debtor Claims identified on **Schedule 1** to the Order.

### Compliance with the Objection Procedures and the Bankruptcy Rules

13. The contents of this Objection are in full compliance with the Bankruptcy Rules and the Objection Procedures.

14. Notice and service of this Objection will be in full compliance with the Objection Procedures and the Bankruptcy Rules:

> (a) this Objection will be filed with the Court and served electronically using the Court's electronic filing system;
>
> (b) with respect to service on Claimants affected by this Objection, the Reorganized Debtors will also serve each such Claimant with an objection notice addressing the particular creditor, claim, and objection; and
>
> (c) this Objection will be set for hearing at least 30 days after the filing of this Objection.

**Reservation of Rights**

15.     This Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Reorganized Debtors to object to any claim on any grounds whatsoever.  The Reorganized Debtors expressly reserve all further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Reorganized Debtor entity; (b) a waiver of the Reorganized Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Reorganized Debtors' rights under the Bankruptcy Code or any other applicable law.

**Separate Contested Matter**

16.     To the extent that a response is filed regarding any of the Non-Debtor Claims and the Reorganized Debtors are unable to resolve any such response, each Non-Debtor Claim,  and the Objection as it pertains to such Non-Debtor Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Further, the Reorganized Debtors request that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each Non-Debtor Claim.

**Notice**

17.     Notice of the hearing on the relief requested in this Objection will be provided by the Debtors in accordance and compliance with Bankruptcy Rule 3007, as well as the Bankruptcy Local Rules and the Objection Procedures, and is sufficient under the circumstances.  Without

6

limiting the foregoing, due notice will be afforded to parties in interest, including: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Litigation Trustee; (d) the United States Attorney's Office for the Southern District of Texas; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the state attorneys general for states in which the Debtors conduct business; (h) the Claimants; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice is needed.

The Reorganized Debtors request that the Court enter the Order granting the relief requested herein and such other and further relief as is just and equitable.

Cleveland, Ohio
Dated: February 1, 2024

/s/ *Nicholas M. Miller*

| | |
|---|---|
| **MCDONALD HOPKINS LLC** | **JACKSON WALKER LLP** |
| Shawn M. Riley (admitted *pro hac vice*) | Matthew D. Cavenaugh (TX Bar No. 24062656) |
| David A. Agay (admitted *pro hac vice*) | Jennifer F. Wertz (TX Bar No. 24072822) |
| Nicholas M. Miller (admitted *pro hac vice*) | J. Machir Stull (TX Bar No. 24070697) |
| Maria G. Carr (admitted *pro hac vice*) | Victoria N. Argeroplos (TX Bar No. 24105799) |
| 600 Superior Avenue, E., Suite 2100 | 1401 McKinney Street, Suite 1900 |
| Cleveland, OH 44114 | Houston, TX 77010 |
| Telephone: (216) 348-5400 | Telephone: (713) 752-4200 |
| Facsimile: (216) 348-5474 | Facsimile: (713) 752-4221 |
| Email:  sriley@mcdonaldhopkins.com | Email:  mcavenaugh@jw.com |
|          dagay@mcdonaldhopkins.com |           jwertz@jw.com |
|          nmiller@mcdonaldhopkins.com |           mstull@jw.com |
|          mcarr@mcdonaldhopkins.com |           vargeroplos@jw.com |
| | |
| *Co-Counsel to the Reorganized Debtors* | *Co-Counsel to the Reorganized Debtors* |
| | |
| **KIRKLAND & ELLIS LLP** | **KIRKLAND & ELLIS LLP** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Ryan Blaine Bennett, P.C. (admitted *pro hac vice*) | Erica D. Clark (admitted *pro hac vice*) |
| Yusuf Salloum (admitted *pro hac vice*) | 601 Lexington Avenue |
| 300 North LaSalle Street | New York, New York 10022 |
| Chicago, Illinois 60654 | Telephone: (212) 446-4800 |
| Telephone: (312) 862-2000 | Facsimile:  (212) 446-4900 |
| Facsimile: (312) 862-2200 | Email: erica.clark@kirkland.com |
| Email: ryan.bennett@kirkland.com | |
|        yusuf.salloum@kirkland.com | *Co-Counsel to the Reorganized Debtors* |
| | |
| *Co-Counsel to the Reorganized Debtors* | |

## Certificate of Service

I certify that on February 1, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

**<u>Exhibit A</u>**

**Tan Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| INVACARE CORPORATION, *et al.*,[1] | ) Case No. 23-90068 (CML) |
| Reorganized Debtors. | ) (Jointly Administered) |

## DECLARATION OF CHING WEI TAN IN SUPPORT OF REORGANIZED DEBTORS' SECOND OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM (NON-DEBTOR CLAIMS)

I, Ching Wei Tan, hereby declare under penalty of perjury:

1.  I have personal knowledge of the facts set out in this Declaration.

2.  I am a director at Huron Consulting Services LLC. I attended college at Nanyang Technological University in Singapore and received a Bachelor of Accountancy. I have been engaged as a restructuring advisor to the Debtors in the above-captioned chapter 11 cases. I have more than 25 years of experience providing financial advisory, restructuring, litigation support and auditing services.

3.  Except as otherwise indicated, facts set forth in this Declaration are based upon my personal knowledge, my discussions with the Debtors' management team, employees, contractors, and advisors, my review of relevant documents and information concerning the Debtors' operations, financial affairs, and restructuring initiatives, or my opinions based upon my experience and knowledge. I have read the *Reorganized Debtors' Second Omnibus Objection to Certain Proofs of Claims (Non-Debtor Claims)* (the "<u>Objection</u>").[2]

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Invacare Corporation (0965); Freedom Designs, Inc. (4857); and Adaptive Switch Laboratories, Inc. (6470). The corporate headquarters and the mailing address for the Debtors is 1 Invacare Way, Elyria, Ohio 44035.

[2] Capitalized terms used but not otherwise defined herein shall have the same meaning ascribed to them in the Objection.

4.     To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. The Reorganized Debtors, their contractors and advisors reviewed the claims register, the relevant proofs of claim, as well as the supporting documentation provided by each Claimant, and believe that each of the Non-Debtor Claims was filed against one of the Debtors' non-debtor affiliates or another third party. To the best of my knowledge, the claims register and the Debtors' books and records, as prepared by the Company's officers, employees, contractors, and advisors, upon which I have relied, are accurate. I believe that the disallowance of the Non-Debtor Claims on the terms set forth in the Objection is appropriate.

## The Non-Debtor Claims

5.     The Reorganized Debtors have reviewed the claims register, the relevant proofs of claim, as well as the supporting documentation provided by each claimant, if any, and confirmed that each of the Non-Debtor Claims on **Schedule 1** to the Order asserts claims against one of the Debtors' non-debtor affiliates or another third party, and do not assert any claims against the Debtors or the Reorganized Debtors. Therefore, I do not believe the Reorganized Debtors are liable for Non-Debtor Claims.

6.     Failure to disallow the Non-Debtor Claims would result in the holders of the Non-Debtor Claims receiving an unwarranted recovery against the Debtors or the Reorganized Debtors, as applicable, to the detriment of other creditors. I believe the disallowance of Non-Debtor Claims is appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information and belief as of the date hereof.

Dated: February 1, 2024

*/s/ Ching Wei Tan*
Ching Wei Tan
Huron Consulting Services LLC