# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INVACARE CORPORATION, *et al.*,[1] | ) | Case No. 23-90068 (CML) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

### REORGANIZED DEBTORS' OBJECTION TO PROOFS OF
### CLAIM NOS. 10161, 10163, AND 10165 FILED BY BEVERLY BROADMAX

> **This is an objection to your claim. The objecting party is asking the Court to disallow the claim that you filed in this bankruptcy case. You should immediately contact the objecting party to resolve the dispute. If you do not reach an agreement, you must file a response to this objection and send a copy of your response to the objecting party within 30 days after the objection was served on you. Your response must state why the objection is not valid. If you do not file a response within 30 days after the objection was served on you, your claim may be disallowed without a hearing.**

The above-captioned reorganized debtors[2] (the "<u>Reorganized Debtors</u>") file this Objection (the "<u>Objection</u>") to Proofs of Claim Nos. 10161, 10163, and 10165 (the "<u>Broadmax Claims</u>") filed by Beverly Broadmax ("<u>Broadmax</u>") against each of the Debtors.  In support of the Objection, Invacare attaches as **Exhibit A** the *Declaration of Gretchen Schuler in Support of Invacare Corporation's Objection to Proof of Claim Nos. 10161, 10163, and 10165 Filed by Beverly*

---

[1]  The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: Invacare Corporation (0965); Freedom Designs, Inc. (4857); and Adaptive Switch Laboratories, Inc. (6470). The corporate headquarters and the mailing address for the Reorganized Debtors is 1 Invacare Way, Elyria, Ohio 44035.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' First Amended Joint Chapter 11 Plan of Invacare Corporation and Its Debtor Affiliates (Technical Modifications)* [Docket No. 502] (as amended, supplemented, or modified from time to time, the "<u>Plan</u>"), as applicable. On May 18, 2023, the Court entered the Corrected Order Confirming the Debtors' First Amended Joint Chapter 11 Plan of Invacare Corporation and Its Debtor Affiliates (Technical Modifications) [Docket No. 576] (the "<u>Confirmation Order</u>"), which corrected internal cross references in the Plan and Confirmation Order.

*Broadmax* (the "Declaration") and represents as follows:

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Reorganized Debtors confirm their consent to the entry of a final order by the Court in connection with this Objection.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and rule 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas.

**A. The Broadmax Claims.**

4. On January 31, 2023 (the "Petition Date"), the Reorganized Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Court for the Southern District of Texas.

5. On March 16, 2023, Broadmax filed Claim No. 10161 against Invacare Corporation, Claim No. 10163 against Adaptive Switch Laboratories, Inc., and Claim No. 10165 against Freedom Designs, Inc. The Broadmax Claims each assert a claim in the amount of $3,000,000.00 against each of the Debtors – although the claims are identical (except for the Debtor against whom the claim is filed). See Proofs of Claim, No. 10163, 10161, and 10165. Copies of the Broadmax Claims are attached hereto as **Exhibit B**. No supporting documentation is attached to the Broadmax Claims, although the claims assert wrongful death as the basis for the claims. The Reorganized Debtors did not have any record of any claim or potential claim by Broadmax prior to the Petition Date.

**B. The Claims Reconciliation Process.**

6.       On February 15, 2023, the Court entered the *Order (I) Establishing Deadline for the Filing of Proofs of Claim, (II) Approving the Form and Manner of Notice Thereof, and (III) Granting Related Relief* [Docket No. 186], establishing certain dates and deadlines for filing proofs of claim in these chapter 11 cases.  Among other things, the Bar Date Order established March 16, 2023, at 5:00 p.m., prevailing Central Time, as the deadline for all non-governmental entities wishing to assert a claim against any of the Reorganized Debtors that arose before the Petition Date to file a proof of such claim in writing.

7.       On March 2, 2023, the Reorganized Debtors filed their statements of financial affairs and schedules of assets and liabilities [Docket Nos. 259-261, 262-264] (together, as amended, the "SOFAs and Schedules").  No amount or claim was scheduled relating to Broadmax.

8.       The Reorganized Debtors do not believe that they are liable to Broadmax in the amount of $3 million each, and objects to the Broadmax Claims as detailed herein.  Instead, the Reorganized Debtors believe that each of the Broadmax Claims should be disallowed in their entirety.

## Objection

9.       A filed proof of claim is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a).  See also Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim.").  Further, section 502(b)(1) of the Bankruptcy Code provides that the court "shall determine the amount of such claim … as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—such claim is unenforceable against the debtor and the property of the debtor …" 11 U.S.C. § 502(b)(1).

10.     A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code.  See Fed. R. Bankr. P. 3001(f).  Whether a claim is allowable "generally is determined by applicable nonbankruptcy law." In re W.R. Grace & Co., 346 B.R. 672, 674 (Bankr. D. Del. 2006).

11.     A proof of claim loses the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency.  See, e.g., In re Fidelity Holding Co., Ltd., 837 F.2d 696, 698 (5th Cir. 1988).  Once an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence.  See id.  Despite this shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." Id.

**A. The Broadmax Claims Are Not Entitled to *Prima Facie* Validity.**

12.     The Broadmax Claims fail to properly identify the basis for the alleged claims and provide appropriate supporting documentation.  "A properly executed proof of claim includes: the creditor's name and address; the basis for the claim; the date the debt was incurred; the classification of the claim; the amount of the claim; and supporting documentation." In re Dow Corning Corp., 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000) (citation omitted); see also In re Hamrick, 622 B.R. 659, 667 n.9 (Bankr. D.S.C. 2020) ("This Court questions how a claim may have *prima facie* evidence as to the amount when the proof of claim lists the amount as 'unknown' or 'to be determined', especially considering that the burden under state law is generally on the party asserting damages to prove the amount of such damages.") (citation omitted).  Here, each of the Broadmax Claims include allegations of a $3 million claim against each of the Debtors, without attaching any supporting documentation or providing any basis for the claims, other than stating "wrongful death" on the face of the claims.

13.     Accordingly, the Broadmax Claims lack *prima facie* validity, and the Court cannot treat the Broadmax Claims as establishing a right to payment from the Reorganized Debtors. Absent Broadmax providing supporting documentation for the Claims, the Broadmax Claims should be disallowed in full.   There is no supporting documentation attached to the Broadmax Claims.  Thus, there is minimal, if any, evidence to support Broadmax's Claims; Broadmax should be required to submit supporting evidence regarding the alleged amounts so that any alleged amount owed can be liquidated, or the Broadmax Claims should be disallowed in full.

**Reservation of Rights**

14.     This Objection is limited to the grounds stated herein.  It is without prejudice to the rights of the Reorganized Debtors or any other party in interest to object to the Broadmax Claims on any additional grounds.  The Reorganized Debtors expressly reserve all further substantive or procedural objections it may have.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against Invacare or any other Reorganized Debtor entity; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Reorganized Debtors' rights under the Bankruptcy Code or any other applicable law.

15.     In the event that the Broadmax Claims are not disallowed and expunged on the grounds asserted herein, the Reorganized Debtors hereby reserve all rights to object to the Broadmax Claims, or any amended claim, on any other grounds.  Additionally, the Reorganized

Debtors expressly reserve all rights to amend, modify, or supplement the objections asserted herein and to file additional objections to the Broadmax Claims.

### Notice

16.     Notice of this Objection has been provided to Broadmax in accordance with the Bankruptcy Rules. The Reorganized Debtors submit that such notice is sufficient and proper under the circumstances, and that no other further notice is requested.

WHEREFORE, the Reorganized Debtors respectfully request that the Court enter the Order (i) sustaining the Objection in its entirety, (ii) disallowing each of the Broadmax Claims as requested herein, and (iii) granting such other and further relief as is just and proper under the circumstances.

Houston, Texas
Dated:  February 1, 2024

/s/  *Nicholas M. Miller*

| | |
|---|---|
| **MCDONALD HOPKINS LLC** | **JACKSON WALKER LLP** |
| Shawn M. Riley (admitted *pro hac vice*) | Matthew D. Cavenaugh (TX Bar No. 24062656) |
| David A. Agay (admitted *pro hac vice*) | Jennifer F. Wertz (TX Bar No. 24072822) |
| Nicholas M. Miller (admitted *pro hac vice*) | J. Machir Stull (TX Bar No. 24070697) |
| Maria G. Carr (admitted *pro hac vice*) | Victoria N. Argeroplos (TX Bar No. 24105799) |
| 600 Superior Avenue, E., Suite 2100 | 1401 McKinney Street, Suite 1900 |
| Cleveland, OH 44114 | Houston, TX 77010 |
| Telephone: (216) 348-5400 | Telephone: (713) 752-4200 |
| Facsimile: (216) 348-5474 | Facsimile: (713) 752-4221 |
| Email:  sriley@mcdonaldhopkins.com | Email:  mcavenaugh@jw.com |
|          dagay@mcdonaldhopkins.com |          jwertz@jw.com |
|          nmiller@mcdonaldhopkins.com |          mstull@jw.com |
|          mcarr@mcdonaldhopkins.com |          vargeroplos@jw.com |
| | |
| *Co-Counsel to the Reorganized Debtors* | *Co-Counsel to the Reorganized Debtors* |
| | |
| **KIRKLAND & ELLIS LLP** | **KIRKLAND & ELLIS LLP** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Ryan Blaine Bennett, P.C. (admitted *pro hac vice*) | Erica D. Clark (admitted *pro hac vice*) |
| Yusuf Salloum (admitted *pro hac vice*) | 601 Lexington Avenue |
| 300 North LaSalle Street | New York, New York 10022 |
| Chicago, Illinois 60654 | Telephone: (212) 446-4800 |
| Telephone: (312) 862-2000 | Facsimile:  (212) 446-4900 |
| Facsimile: (312) 862-2200 | Email: erica.clark@kirkland.com |
| Email: ryan.bennett@kirkland.com | |
|          yusuf.salloum@kirkland.com | *Co-Counsel to the Reorganized Debtors* |
| | |
| *Co-Counsel to the Reorganized Debtors* | |

7

**<u>Certificate of Service</u>**

I certify that on February 1, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Matthew D. Cavenaugh
Matthew D. Cavenaugh

## Exhibit A

**Schuler Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INVACARE CORPORATION, *et al.*,[1] | ) | Case No. 23-90068 (CML) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF GRETCHEN SCHULER IN SUPPORT OF**
**INVACARE CORPORATION'S OBJECTION TO PROOF OF**
**CLAIM NOS. 10161, 10163, AND 10165 FILED BY BEVERLY BROADMAX**

I, Gretchen Schuler, declare under penalty of perjury:

1.      I have personal knowledge of all of the facts set out in this Declaration.[2]

2.      I attended college at University of Mount Union, graduating in 1996 with a Bachelor of Arts, and attended graduate school at Cleveland State University, graduating in 1998 with a Masters of Arts.

3.      I am Vice President of Insurance Risk Management and Strategic Initiatives at Invacare.  Previously, I was the Vice President of Insurance Risk Management, and I have been in my position at Invacare since August of 2020.  I have been with the company in various positions since 2011.

4.      As part of my job, I am familiar with and have read *Invacare Corporation's Objection to Proof of Claim Nos. 10161, 10163, and 10165 filed by Beverly Broadmax*

---

[1]   The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Invacare Corporation (0965); Freedom Designs, Inc. (4857); and Adaptive Switch Laboratories, Inc. (6470). The corporate headquarters and the mailing address for the Reorganized Debtors is 1 Invacare Way, Elyria, Ohio 44035.

[2]   Capitalized and undefined terms herein shall have the meanings ascribed to them in the Objection.

(the "<u>Objection</u>").  I am also familiar with and have read the Broadmax Claims.  I believe that all of the facts stated in the Objection are accurate.

5.      The Reorganized Debtors do not have any record of receiving the Broadmax Claims prior to the Petition Date, and are unaware of the details of the Broadmax Claims.

6.      For the reasons outlined in the Objection, I do not believe that the Debtors or the Reorganized Debtors, as applicable, have liability with respect to the Broadmax Claims.  I believe that the entirety of the Broadmax Claims should be disallowed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information and belief.

Date: February 1, 2024

*/s/ Gretchen Schuler*
Vice President, Insurance Risk Management
& Strategic Initiatives
Invacare Corporation

## Exhibit B

**Broadmax Claims**

| United States Bankruptcy Court for the Southern District of Texas | |
|---|---|
| **Name of Debtor:** Invacare Corporation | **For Court Use Only** |
| **Case Number:** 23-90068 | Claim Number: 0000010161 |
| | File Date: 03/10/2023 11:39:47 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**
**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.
**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy** (Form 309) **that you received.**

**04/22**

| Part 1: | Identify the Claim |
|---|---|

**1.   Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):   Estate of Beverly Broadnax

Other names the creditor used with the debtor:   Beverly Broadnax

**2.   Has this claim been acquired from someone else?**   ☑ No   ☐ Yes.   From whom? _____

**3.   Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name   Estate of Beverly Broadnax | Name |
| Address   Att: Joe Lemkin | Address |
| Stark & Stark | |
| PO Box 5315 | |
| City   Princeton | City |
| State   NJ            ZIP Code   08543 | State            ZIP Code |
| Country (if International):   United States | Country (if International): |
| Phone:   609.791.7022 | Phone: |
| Email:   jlemkin@stark-stark.com | Email: |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____ | _____ |
| MM / DD / YYYY | |

**Part 2:**   Give Information About the Claim as of the Date the Case Was Filed

---

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

____ ____ ____ ____

**7. How much is the claim?**

$ ___3,000,000.00___

**Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis
_____

Wrongful death

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:
_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:       $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:   $_____

**Annual Interest Rate** (when case was filed) _____%
                  ☐ Fixed ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

| Part 3: | Sign Below |
| --- | --- |

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Joseph Lemkin*         03/10/2023 11:39:47

Signature         Date

**Provide the name and contact information of the person completing and signing this claim:**

Name    Joseph Lemkin

Address    Stark & Stark

PO Box 5315

City    Princeton

State    NJ        Zip   08543

Country (in international)   United States

Phone    6097917022

Email    jlemkin@stark-stark.com

| United States Bankruptcy Court for the Southern District of Texas | |
|---|---|
| **Name of Debtor:** Adaptive Switch Laboratories, Inc.<br><br>**Case Number:** 23-90066 | **For Court Use Only**<br>Claim Number:   0000010163<br><br>File Date:   03/10/2023 12:27:19 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**
**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.
**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy (Form 309) that you received.**

**04/22**

| Part 1: | Identify the Claim |
|---|---|

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):   Estate of Beverly Broadnax

Other names the creditor used with the debtor:   Beverly Broadnax

**2.    Has this claim been acquired from someone else?**   ☑ No  ☐ Yes.   From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name    Estate of Beverly Broadnax | Name    _____ |
| Address    Att: Joe Lemkin | Address    _____ |
|    Stark & Stark | _____ |
|    PO Box 5315 | _____ |
| City    Princeton | City    _____ |
| State    NJ          ZIP Code  08543 | State    _____  ZIP Code  _____ |
| Country (if International):   United States | Country (if International):   _____ |
| Phone:   6097917022 | Phone:   _____ |
| Email:   jlemkin@stark-stark.com | Email:   _____ |

| 4. Does this claim amend one already filed? | 5. Do you know if anyone else has filed a proof of claim for this claim? |
|---|---|
| ☑ No<br><br>☐ Yes.<br><br>     Claim number on court claims register (if known) _____<br><br>     Filed on _____<br>              MM / DD / YYYY | ☑ No<br><br>☐ Yes.<br><br>     Who made the earlier filing?<br><br>     _____ |

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

___ ___ ___ ___

**7. How much is the claim?**

$ 3,000,000.00

**Does this amount include interest or other charges?**

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis
_____

Wrongful Death caused by Debtor

---

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe:
_____

**Basis for perfection:**
_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                    $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

Annual Interest Rate (when case was filed)    _____%
                              ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes.  Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes.  **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Joseph Lemkin*       03/10/2023 12:27:19

Signature       Date

**Provide the name and contact information of the person completing and signing this claim:**

Name    Joseph Lemkin

Address    Stark & Stark

PO Box 5315

City    Princeton

State    NJ       Zip   08543

Country (in international)   United States

Phone    6097917022

Email    jlemkin@stark-stark.com

| United States Bankruptcy Court for the Southern District of Texas | For Court Use Only |
|---|---|
| **Name of Debtor:** Freedom Designs, Inc.  **Case Number:** 23-90067 | Claim Number:   0000010165  File Date:   03/10/2023 13:21:10 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

**04/22**

---

| **Part 1:** | **Identify the Claim** |
|---|---|

**1.   Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):   Estate of Beverly Broadnax

Other names the creditor used with the debtor:   Beverly Broadnax

---

**2.   Has this claim been acquired from someone else?**   ☑ No  ☐ Yes.   From whom? _____

---

**3.   Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name   Estate of Beverly Broadnax | Name   _____ |
| Address   Attn: Stark & Stark | Address   _____ |
|   c/o J. Lemkin | _____ |
|   PO Box 5315 | _____ |
| City   Princeton | City   _____ |
| State   NJ   ZIP Code  08543 | State   _____   ZIP Code  _____ |
| Country (if International):   United States | Country (if International):   _____ |
| Phone:   6097917022 | Phone:   _____ |
| Email:   jlemkin@stark-stark.com | Email:   _____ |

---

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____  MM / DD / YYYY | _____ |

Page 1 of 3

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

____  ____  ____  ____

**7. How much is the claim?**

$ 3,000,000.00

**Does this amount include interest or other charges?**

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis
_____

Wrongful Death caused by Debtor

---

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe:
_____

**Basis for perfection:**
_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                        $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

Annual Interest Rate (when case was filed) _____%
                              ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes.  Identify the property:

_____

---

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes.  **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it.  FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Joseph Lemkin*      03/10/2023 13:21:10

Signature      Date

**Provide the name and contact information of the person completing and signing this claim:**

Name    Joseph Lemkin

Address    Stark & Stark

PO Box 5315

City    Princeton

State    NJ      Zip   08543

Country (in international)    United States

Phone    6097917022

Email    jlemkin@stark-stark.com