## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| INVACARE CORPORATION, *et al.*,[1] | ) ) | Case No. 23-90068 (CML) |
| Reorganized Debtors. | ) ) ) | (Jointly Administered) |

### REORGANIZED DEBTORS' AMENDED FIRST OMNIBUS OBJECTION TO CERTAIN MISCLASSIFIED PROOFS OF CLAIM

> **This is an Objection to your claim(s). This Objection asks the Court to reclassify the claim(s) that you filed in this bankruptcy case. If you do not file a response within 30 days after the Objection was served on you, your claim may be reclassified without a hearing.**
>
> **A hearing has been set on this matter on March 19, 2024 at 1:00 p.m. (prevailing Central Time) in Courtroom 401, 4th Floor United States Bankruptcy Court for the Southern District of Texas, 515 Rusk, Houston, Texas 77002.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153.**
>
> **Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "Judge Lopez." Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of the hearing. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields, and click "Submit." to complete your appearance.**
>
> **This Objection seeks to reclassify certain Proofs of Claim. Claimants receiving this Objection should locate their names and Claims on <u>Schedule 1</u> to the Order attached to this Objection.**

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Invacare Corporation (0965); Freedom Designs, Inc. (4857); and Adaptive Switch Laboratories, Inc. (6470). The corporate headquarters and the mailing address for the Debtors is 1 Invacare Way, Elyria, Ohio 44035.

The above-captioned reorganized debtors and debtors in possession (collectively, the "Reorganized Debtors" or "Debtors" as appropriate) state as follows in support of this omnibus claims objection (this "Objection"). In support of this Objection, the Reorganized Debtors submit the *Declaration of Ching Wei Tan in Support of Reorganized Debtors' Amended First Omnibus Objection to Certain Proofs of Claim (Misclassified Claims)* (the "Tan Declaration"), attached hereto as **Exhibit A**.

## Relief Requested

1. The Reorganized Debtors seek entry of an order, substantially in the form attached hereto (the "Order"), reclassifying each proof of claim identified on **Schedule 1** to the Order (collectively, the "Misclassified Claims," and the related claimants, the "Claimants") for the reasons asserted herein. The Reorganized Debtors have determined that the Misclassified Claims are incorrectly or improperly classified based on a review of the Debtors' claims register, the relevant proofs of claim, the Debtors' books and records, and the supporting documentation provided by each Claimant, if any, and as such, the Misclassified Claims should be reclassified appropriately.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Reorganized Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 3007, and rule 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## The Claims Reconciliation Process

5. On March 2, 2023, the Reorganized Debtors filed their statements of financial affairs and schedules of assets and liabilities [Docket Nos. 259-261, 262-264] (together, as amended, the "SOFAs and Schedules").

6. On February 15, 2023, the Court entered the *Order (I) Establishing Deadline for the Filing of Proofs of Claim, (II) Approving the Form and Manner of Notice Thereof, and (III) Granting Related Relief* [Docket No. 186] (the "Bar Date Order"). The Bar Date Order established, among other things, March 16, 2023, as the deadline for all non-governmental entities holding or wishing to assert a "claim" (as defined in section 101(5) of the Bankruptcy Code) against any of the Reorganized Debtors that arose before the Petition Date to file proof of such claim and July 31, 2023, as the deadline for all governmental entities holding or wishing to assert a "claim" (as defined in section 101(5) of the Bankruptcy Code) against any of the Reorganized Debtors that arose before the Petition Date.

7. On February 17, 2023, February 28, 2023, March 6, 2023, March 7, 2023, and March 13, 2023, Epiq Corporate Restructuring, LLC mailed notice of the Bar Date Order (the "Bar Date Notice") to thousands of potential claimants in accordance with the procedures outlined therein. *See Affidavits of Service* [Docket Nos. 307, 311, 416, 427, and 491]. The Reorganized Debtors caused the Bar Date Notice to be published in the publications required by the Bar Date Order [Docket Nos. 255, 256, and 257].

8. On March 2, 2023, the Reorganized Debtors filed their statements of financial affairs and schedules of assets and liabilities [Docket Nos. 259-261, 262-264] (together, as amended, the "SOFAs and Schedules").

9. To date, over 2,000 proofs of claim have been filed and scheduled against the Reorganized Debtors. The Reorganized Debtors sought and have been granted approval to file omnibus objections to certain claims in accordance with the procedures set forth in the Reorganized Debtors' omnibus claims objection procedures order [Docket No. 702] (the "Objection Procedures"). The Reorganized Debtors, together with their contractor and advisors, have diligently reviewed the claims register, the relevant proofs of claim, the Debtors' books and records, and the supporting documentation provided by each Claimant, if any. For the reasons set forth below, and based on their review to date, the Reorganized Debtors believe that the Misclassified Claims should be reclassified.

## Objection

10. Section 502(a) of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Further, section 502(b)(1) of the Bankruptcy Code provides that a court "shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that — such claim is unenforceable against the debtor and the property of the debtor . . . ." 11 U.S.C. § 502(b)(1). The Objection Procedures authorize the Reorganized Debtors to file omnibus objections to claims on the ground that such claims "are incorrectly or improperly classified," in addition to the grounds listed in Bankruptcy Rule 3007(d). Objection Procedures [Docket No. 702], ¶ 1(d).

11. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g., In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). However, a proof of claim loses the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence. *See id.* Despite this shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

**The Misclassified Claims**

12. The Reorganized Debtors object to the Misclassified Claims listed in **Schedule 1** to the Order. As set forth herein and in the Tan Declaration, the Reorganized Debtors, their contractor and advisors have reviewed the claims register, the relevant proofs of claim, the Debtors' books and records, and the supporting documentation provided by each Claimant, if any, and have determined that the Misclassified Claims are incorrectly or improperly classified, as further detailed for each Misclassified Claim in **Schedule 1** to the Order. The Misclassified Claims should be reclassified appropriately. If the Misclassified Claims are not reclassified, creditors filing such claims may stand to recover from the Debtors' estates improperly. Accordingly, the Reorganized Debtors request that the Court enter an order reclassifying those Misclassified Claims identified on **Schedule 1** to the Order and consistent with the proper reclassification noted therein.

**Compliance with the Objection Procedures and the Bankruptcy Rules**

13. The contents of this Objection are in full compliance with the Bankruptcy Rules and the Objection Procedures.

14. Notice and service of this Objection will be in full compliance with the Objection Procedures and the Bankruptcy Rules:

> (a) this Objection will be filed with the Court and served electronically using the Court's electronic filing system;
>
> (b) with respect to service on Claimants affected by this Objection, the Reorganized Debtors will also serve each such Claimant with an objection notice addressing the particular creditor, claim, and objection;
>
> (c) this Objection will be set for hearing at least 30 days after the filing of this Objection.

**Reservation of Rights**

15. Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law, (b) a waiver of the Reorganized Debtors' or any other party in interest's right to dispute any claim on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in this motion or any order granting the relief requested in this motion or a finding that any particular claim is an administrative expense claim or other priority claim, (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates, (g) a waiver or limitation of the Reorganized Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (h) a concession by the Reorganized Debtors that any liens (contractual, common law,

statutory, or otherwise) that may be satisfied pursuant to the relief requested in this motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Reorganized Debtors' or any other party in interest's rights to subsequently dispute such claim.

## Notice

16.     Notice of the hearing on the relief requested in this Objection will be provided by the Debtors in accordance and compliance with Bankruptcy Rule 3007, as well as the Bankruptcy Local Rules and the Objection Procedures, and is sufficient under the circumstances. Without limiting the foregoing, due notice will be afforded to parties in interest, including: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Litigation Trustee; (d) the United States Attorney's Office for the Southern District of Texas; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the state attorneys general for states in which the Debtors conduct business; (h) the Claimants; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice is needed.

WHEREFORE, the Reorganized Debtors request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
Dated: February 2, 2024

/s/ *Nicholas M. Miller*

| | |
|---|---|
| **MCDONALD HOPKINS LLC** | **JACKSON WALKER LLP** |
| Shawn M. Riley (admitted *pro hac vice*) | Matthew D. Cavenaugh (TX Bar No. 24062656) |
| David A. Agay (admitted *pro hac vice*) | Jennifer F. Wertz (TX Bar No. 24072822) |
| Nicholas M. Miller (admitted *pro hac vice*) | J. Machir Stull (TX Bar No. 24070697) |
| Maria G. Carr (admitted *pro hac vice*) | Victoria N. Argeroplos (TX Bar No. 24105799) |
| 600 Superior Avenue, E., Suite 2100 | 1401 McKinney Street, Suite 1900 |
| Cleveland, OH 44114 | Houston, TX 77010 |
| Telephone: (216) 348-5400 | Telephone: (713) 752-4200 |
| Facsimile: (216) 348-5474 | Facsimile: (713) 752-4221 |
| Email:  sriley@mcdonaldhopkins.com | Email:  mcavenaugh@jw.com |
|        dagay@mcdonaldhopkins.com |         jwertz@jw.com |
|        nmiller@mcdonaldhopkins.com |         mstull@jw.com |
|        mcarr@mcdonaldhopkins.com |         vargeroplos@jw.com |
| *Co-Counsel to the Reorganized Debtors* | *Co-Counsel to the Reorganized Debtors* |
| **KIRKLAND & ELLIS LLP** | **KIRKLAND & ELLIS LLP** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Ryan Blaine Bennett, P.C. (admitted *pro hac vice*) | Erica D. Clark (admitted *pro hac vice*) |
| Yusuf Salloum (admitted *pro hac vice*) | 601 Lexington Avenue |
| 300 North LaSalle Street | New York, New York 10022 |
| Chicago, Illinois 60654 | Telephone: (212) 446-4800 |
| Telephone: (312) 862-2000 | Facsimile:  (212) 446-4900 |
| Facsimile: (312) 862-2200 | Email: erica.clark@kirkland.com |
| Email: ryan.bennett@kirkland.com | |
|        yusuf.salloum@kirkland.com | *Co-Counsel to the Reorganized Debtors* |
| *Co-Counsel to the Reorganized Debtors* | |

**Certificate of Service**

      I certify that on February 2, 2024, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

      */s/ Matthew D. Cavenaugh*
      Matthew D. Cavenaugh

**Exhibit A**

**Tan Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| INVACARE CORPORATION, *et al.*,[1] | ) Case No. 23-90068 (CML) |
| | ) |
| Reorganized Debtors. | ) (Jointly Administered) |

## DECLARATION OF CHING WEI TAN IN SUPPORT OF REORGANIZED DEBTORS' AMENDED FIRST OMNIBUS OBJECTION TO CERTAIN MISCLASSIFIED PROOFS OF CLAIM

I, Ching Wei Tan, hereby declare under penalty of perjury:

1. I have personal knowledge of the facts set out in this Declaration.

2. I am a director at Huron Consulting Services LLC. I attended college at Nanyang Technological University in Singapore and received a Bachelor of Accountancy. I have been engaged as a restructuring advisor to the Debtors in the above-captioned chapter 11 cases. I have more than 25 years of experience providing financial advisory, restructuring, litigation support and auditing services.

3. Except as otherwise indicated, facts set forth in this Declaration are based upon my personal knowledge, my discussions with the Debtors' management team, employees, contractor, and advisors, my review of relevant documents and information concerning the Debtors' operations, financial affairs, and restructuring initiatives, or my opinions based upon my

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Invacare Corporation (0965); Freedom Designs, Inc. (4857); and Adaptive Switch Laboratories, Inc. (6470). The corporate headquarters and the mailing address for the Debtors is 1 Invacare Way, Elyria, Ohio 44035.

experience and knowledge. I have read the *Reorganized Debtors' Amended First Omnibus Objection to Certain Misclassified Proofs of Claim* (the "Objection").[2]

4. To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. In evaluating the Misclassified Claims, the Reorganized Debtors, their contractor and advisors reviewed the claims register, the relevant proofs of claim, the Debtors' books and records, and the supporting documentation provided by each Claimant, if any, and determined that each Misclassified Claim should be reclassified appropriately. To the best of my knowledge, the claims register and the Debtors' books and records, as prepared by the Debtors' officers, employees, contractor, and advisors, upon which I have relied, are accurate. As such, I believe that the reclassification of the Misclassified Claims on the terms set forth in the Objection is appropriate.

## The Misclassified Claims

5. The Misclassified Claims assert certain amounts as having administrative and priority status. To the best of my knowledge, information, and belief, I believe that the Misclassified Claims are classified inappropriately, which would allow the creditors filing such claims to recover more from the Debtors' estates than that to which they are entitled. As such, I believe the Misclassified Claims should be classified as general unsecured claims for the reasons set forth in **Schedule 1**. I understand that if the Misclassified Claims are not reclassified, creditors filing such claims may stand to recover improperly from the Debtors' estates. As such, I believe that the reclassification of the Misclassified Claims on the terms set forth in the Objection and **Schedule 1** is appropriate.

---

[2] Capitalized terms used but not otherwise defined herein shall have the same meaning ascribed to them in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information and belief as of the date hereof.

Dated: February 1, 2024

*/s/ Ching Wei Tan*
Ching Wei Tan
Huron Consulting Services LLC