**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE § | | CHAPTER 11 |
| § | | |
| INVACARE CORPORATION, *ET AL.* § | | CASE NO. 23-90068 (CML) |
| § | | |
| DEBTOR. § | | (JOINTLY ADMINISTERED) |

**MARTY JOE RAINES AND SHANE RAINES'S RESPONSE TO INVACARE CORPORATION'S OBJECTION TO PROOFS OF CLAIM NOS. 10282 AND 304**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Marty Joe Raines and Shane Raines, as parents and next friends of Caylin Raines, deceased, and Marty Joe Raines in his individual capacity (the "Raines Family"), through their undersigned counsel, respectfully file their *Response to Invacare Corporation's Objection to Proofs of Claim Nos. 10282 and 304 filed by Marty J. and Shane Raines* (the "Response"). In support, The Raines Family respectfully states as follows:

## I.   FACTUAL AND PROCEDURAL BACKGROUND

1. Marty Joe Raines ("Mr. Raines") was driving a van occupied by Caylin Raines and another passenger when a 2015 GMC pickup driven by Carl Leroy Harryman caused a collision between Mr. Raines' vehicle and a third-party vehicle (the "Collision"). At the time of the Collision, Caylin Raines was seated and restrained in an ATO SOLARA26, SOLARA TILT-IN-SPACE Wheelchair, Serial Number 09BE004084 (the "Wheelchair"), which was properly strapped down and/or restrained at the time of the Collision. Debtor controlled the design, manufacture, distribution, and sale of the Wheelchair.

2. As set forth in greater detail in the Third Amended Petition, attached hereto as "**Exhibit A**", the Wheelchair was defectively designed, developed, engineered, fabricated, assembled, manufactured, tested, labeled, advertised, marketed, promoted, sold, distributed,

delivered, and/or supplied by the Debtor, and the Debtor had received complaints of welds in the frame similar to the Wheelchair breaking, cracking or otherwise separating prior to the Collision.

3. Mr. Raines and his daughter, Caylin, both suffered severe injuries in the Collision. Ultimately, Caylin succumbed to her injuries and passed away.

4. On August 7, 2017, the Raines Family filed suit against Harryman and Invacare Corporation in The McClain County, Oklahoma District Court under Case No. CJ-2017-138, for their acts and omissions that contributed to and caused the death of Caylin Raines and the severe injuries to Mr. Raines (the "State Court Lawsuit"). The Raines Family has since amended their Original Petition to allege additional causes of action against Carter Healthcare, LLC and Freedom Management Group, LLC, sellers and distributors of the Wheelchair. Harryman was dismissed from the State Court Lawsuit on April 17, 2019.

5. Among other things as fully set forth in Exhibit A, the Wheelchair was inherently dangerous for its intended use and was not fit for its intended purpose. Further, the Debtor failed to adequately warn the Raines Family of precautions required or risks associated with the use of the Wheelchair.

6. Upon information and belief, the Debtor is self-insured up to a limit of $10 Million dollars and carries additional excess liability insurance, as necessary, to cover the date of loss and personal injury claims.

7. The Debtor has answered and appeared in the State Court Lawsuit. However, on January 31, 2023 (the "Petition Date"), Invacare Corporation (the "Debtor") filed its original voluntary petition under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. On February 3, 2023, the Debtor served Movants with a Notice of Automatic Stay and Suggestion of Bankruptcy.

8. On April 3, 2023, the Raines Family filed a *Motion for Relief from the Automatic Stay* to allow them to proceed to liquidation of their claims in the State Court Lawsuit [Docket No. 381]. On April 27, 2023, the Court entered an Agreed Order between the Debtor and the Raines Family, lifting or modifying the stay (or any plan injunction), immediately upon the Effective Date of the Plan, to allow for the prosecution, defense, settlement, and administration of the State Court Lawsuit. The Raines Family's claims were to be paid pursuant to the Plan as General Unsecured Claims, except to the extent covered by any insurance policies. *See* Docket No. 488.

9. Similar language was included in the Debtor's confirmation order, page 76-77 [Docket No. 576]. On May 5, 2023, the Debtor filed its *Notice of Entry of an Order Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Invacare Corporation and its Debtor Affiliates (Technical Modifications) and (II) Occurrence of Effective Date* [Docket No. 542], noting that the Plan had gone effective on May 5, 2023.

10. The Raines Family timely filed their proof of claim No. 10282 on March 15, 2023, attached as "**Exhibit B.**" Because, as all parties were aware, the claim was not yet liquidated, and the claims agent portal for claim filing did not allow for non-numerical entries, the Raines Family filled the claim amount with $75,000. However, the claim also attached the Third Amended Petition, which expressly states (in more than one place) that the claims *exceed* $75,000; that the Raines Family seeks damages in excess of $75,000. When the Raines Family was informed there was some confusion as to the claim amount, an amended proof of claim (Claim No. 304), attached as "**Exhibit C**", was filed through the PACER system on January 8, 2024, allowing for the addition of the words "at least" before the $75,000, to make that clarification (Claim No. 10282 and 304 together, the "Raines Family Claims").

**RESPONSE TO CLAIM OBJECTION – PAGE 3**

11. On February 1, 2024, the Debtor filed its *Objection* to the Raines Family Claims [Docket No. 720] (the "Objection"), seeking to disallow them in their entirety.

## II. BRIEF IN SUPPORT

### A. The Bankruptcy Court Does Not have Jurisdiction to Liquidate the Raines Family Claims.

12. As a threshold matter, the Bankruptcy Court does not have jurisdiction to liquidate the claims asserted in the State Court Lawsuit which are solely personal injury claims. Case law within the Fifth Circuit is clear, bankruptcy courts do not have jurisdiction to hear and determine the amount of personal injury tort claims. *In re Fuchs*, 2006 WL 6543977, *2 (Bankr. N.D. Tex. 2006) (holding that "[u]nder 28 U.S.C. §§ 157(b)(2)(B), (b)(2)(O), and (b)(5), only the district court can determine personal injury tort and wrongful death claims against a debtor—a bankruptcy judge simply does not have jurisdiction to liquidate such claims.")(*citing In re Schepps Food Stores, Inc.*, 169 B.R. 374 (Bankr. S.D. Tex. 1994)). The Raines Family's claims in the State Court Lawsuit relate to the injuries and damages sustained by Mr. Raines and his daughter in the Collision. A Texas bankruptcy court, after performing an analysis of whether cause existed to lift the stay to allow litigation of a pre-petition personal injury lawsuit stemming from an automobile accident, noted that notwithstanding the cause issue, personal injury claim liquidation cannot go forward in bankruptcy courts and if a creditor seeking to liquidate such claims is not granted relief from stay, he is left with no remedy in any court. *In re Fowler*, 259 B.R. 856, 861 (Bankr. E.D. Tex. 2001) (explaining the due process concerns with failing to lift the stay in personal injury suits against debtor).

13. Less than four months before the filings of the Debtor's Notice of Bankruptcy in the State Court Lawsuit, an Agreed Scheduling order was entered setting the trial date for August 14, 2023. After six years of litigation, the Raines Family were finally approaching their day in

court to seek relief against the Debtor. The Raines Family sought and obtained relief from the stay in the form of an Agreed Order, as well as mirroring language in the Debtor's Confirmation Order, so that they might move forward with the State Court Lawsuit and liquidate their claims. The Debtor now seeks to circumvent this process by requesting that this Court liquidate the Raines Family claims by disallowing the Raines Family Claims in their entirety, because they do not believe they are liable. The Debtor's request is not supported by law, and would unduly prejudice the Raines Family.

**B.     The Debtor Denies Liability Related to the Raines Family Claims.**

14.     In the Objection, the Debtor denies liability for the Raines Family Claims in any amount and argues that the Raines Family will not be able to recover damages against the Debtor in the State Court Lawsuit under Oklahoma law. Objection, ¶15.

15.     The Debtor's Objection does not include any defense that would conclusively bar these claims. The Debtor has not established a basis for disallowing the Raines Family Claims, or provided evidence sufficient to raise a factual dispute that would require an evidentiary hearing to determine the amount of the allowable claims. The arguments made by the Debtor would require a determination that the Raines Family Claims are substantively invalid. Given that these claims are currently being liquidated in the State Court Lawsuit, after the parties agreed to such relief, the Debtor has not and cannot show that this kind of determination is currently warranted.

16.     The Debtor alternatively asks that, if the Raines Family Claims are not disallowed, that the parties mediate the claims in order to work towards a resolution. Objection, ¶16. The Raines Family is not opposed to a mediation, but the Debtor's efforts to deny the Raines Family an opportunity to complete the process they have already invested in by using the claims objection process as a workaround, does not indicate a willingness to proceed in good faith.

**C.      The Debtor Argues that the Raines Family Claims are Not Entitled to *Prima Facie* Validity.**

17.     The Debtor further argues that the Raines Family Claims fail to properly identify the amount of the alleged claim and provide appropriate supporting documentation. Objection, ¶13. The Debtor states that the claim amount of "at least $75,000" is presented without further explanation. *Id.* However, the 18 page Third Amended Petition, attached to both the original and the amended proof of claim, explains the basis for the damages in quite a bit of detail.  The proofs of claim provide the creditor's name and address; the basis for the claim, the date the debt was incurred, the classification of the claim, and supporting documentation.  As the claims are currently yet to be liquidated, it was impossible to give a final assertion of value at the time of filing. However, given that the State Court Lawsuit had been pending for over five (5) years at the Petition Date, the Debtor would have been familiar with the factual assertions in the case.

18.     As all other reasonable information was provided, it seems that the claim amount being unliquidated is the sole reason the Debtor argues that the Raines Family Claims are not entitled to *prima facie* validity. The Debtor appears to argue that, regardless of the pending State Court Lawsuit, that the Raines Family should be required to marshal all evidence supporting their claims and have a separate trial in the Bankruptcy Court to liquidate those claims.

19.     Bankruptcy Rule 3001 does not require claimants to attach any documents evidencing the value or validity of their claims unless a claim is based on a writing (*see* Fed. R. Bankr. P. 3001(c)), or where necessary to show a secured claim is perfected under applicable law (see Fed. R. Bankr. P. 301(d)).  Neither of those provisions is applicable here.  Even if additional information *was* required, claimants are not barred from supplementing their claims by amendment or by an evidentiary hearing to determine the value of their claims if needed. *The Budd Company, Inc.*, 540 B.R. 353, 362 (N.D. Ill. Bankr. 2015).

20. The Raines Family timely filed a properly executed proof of claim, which constitutes prima facie evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. To accept the Debtor's arguments would mean that no creditor with a current lawsuit or otherwise unliquidated claim could ever file a valid proof of claim in a bankruptcy case, and a debtor claiming they do not believe they should be held liable should be enough to have a claim disallowed. The Raines Family respectfully requests that the Court allow the parties to continue to liquidate the Raines Family Claims in the State Court Lawsuit, and amend any proof of claim at such time as claim amounts have been liquidated by judgment or agreement.

### III. CONCLUSION AND PRAYER

21. For the above-stated reasons, the Raines Family respectfully request entry of an order denying the Objection and providing such other relief to which this Court deems the Raines Family entitled under the presented facts and circumstances.

Dated: March 1, 2024

    Respectfully submitted,

**CROWE & DUNLEVY, P.C.**

By: */s/ Christina W. Stephenson*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 737.218.6187
Email: crissie.stephenson@crowedunlevy.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system, on this 1st day of March, 2024.

    */s/ Christina W. Stephenson*
    Christina W. Stephenson