IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| INVACARE CORPORATION., *et al.*,[1] | Case No. 23-90068 (CML) |
| Reorganized Debtors. | (Jointly Administered) |
|  | **Related Docket No. 731** |
|  | Objection Deadline: March 4, 2024 |
|  | Hearing Date: March 19, 2024 at 1:00 p.m. (CT) |

## RESPONSE OF CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS TO THE REORGANIZED DEBTORS' FOURTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM (OVERSTATED CLAIMS)
**(Claim No. 10309)**

Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), on behalf of its affiliates and subsidiaries including Verizon Business Global LLC ("Verizon Business", and collectively with Verizon Wireless, "Verizon"), by and through its undersigned attorneys, hereby submits this response to the *Reorganized Debtors' Fourth Omnibus Objection to Certain Proofs of Claim (Overstated Claims)* [Docket No. 731] (the "Objection"). In support of its response, Verizon Wireless states the following:

### INTRODUCTION

In the Objection, the above-captioned reorganized debtors (the "Debtors") seek to expunge the proof of claim filed by Verizon Wireless as an "Overstated Claim" on the basis that (a) $375 of the claim was satisfied by cure paid to Verizon Business; and (b) the Debtors have no records

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Invacare Corporation (0965); Freedom Designs, Inc. (4857); and Adaptive Switch Laboratories, Inc. (6470). The corporate headquarters and the mailing address for the Debtors is 1 Invacare Way, Elyria, Ohio 44035.

#187789210v1

of doing business with "Cellco Partnership." However, Verizon Business has no record of receiving a cure payment that would satisfy $375 of the claim. Moreover, the Debtors' Utility Motion (as defined below) listed Verizon Wireless as a utility company providing cell phone services to the Debtors, demonstrating records of business transactions with Cellco Partnership d/b/a Verizon Wireless. Furthermore, the Debtors' Objection clearly identifies "Cellco Partnership d/b/a Verizon Wireless" as the claimant of the Verizon Wireless Claim, demonstrating the Debtors' awareness of Cellco Partnership's trade name, Verizon Wireless.

## BACKGROUND

1. On January 31, 2023 ("Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. During the pendency of their chapter 11 cases, the Debtors operated their business and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Prior to the Petition Date, Verizon Wireless provided contractual wireless telecommunications services to the Debtors. Affiliated companies and fellow subsidiaries of Verizon, including Verizon Business, provided wireline telecommunications services to the Debtors.

3. On March 16, 2023, Verizon Wireless, on behalf of its subsidiaries and affiliates including Verizon Business, filed a proof of claim for pre-petition balances against debtor Invacare Corporation in the amount of $6,279.29, which has been designated as Claim No. 10309 (the "Verizon Wireless Claim"). The Verizon Wireless Claim clearly identifies the claimant as "Cellco Partnership dba Verizon Wireless", so the Debtors should have been notified of Cellco Partnership's trade name, Verizon Wireless.

#187789210v1

4. The Verizon Wireless Claim includes two parts: one is related to a pre-petition balance of $375.04 owed under Verizon Business Account No. 4501908100001, and the other is related to a pre-petition balance of $5,904.25 owed under Verizon Wireless Account No. 048104175900001.

5. On February 1, 2023, the Debtors filed *Debtors' Emergency Motion for Entry of an Order (I) Approving the Debtors' Proposed Form of Adequate Assurance of Payment, (II) Approving the Debtors' Proposed Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief* [Docket No. 19] (the "Utility Motion"). The Utility Motion listed "Verizon Wireless" as a utility company providing cell phone services and referenced "9914185413" as the related account number.

6. Verizon Wireless's records indicate that "9914185413" is the invoice number for the August 23, 2023 invoice for Verizon Wireless Account No. 048104175900001—an account which Verizon Wireless identified in the Verizon Wireless Claim.

7. On February 2, 2024, the Debtors filed the Objection. In the Objection, the Debtors identify the claimant of the Verizon Wireless Claim as "Cellco Partnership d/b/a Verizon Wireless." Objection, Schedule 1, p.22. The Debtors seek to expunge the Verizon Wireless Claim based on the following assertion: "The variance in the claimant's claim and Invacare's records is due to the payment of $375 of the claim as part of Verizon's cure (paid to Verizon Business Global); Invacare has no records of doing business with Cellco Partnership." Objection, Schedule 1, p.22.

**RESPONSE**

8. Verizon Business has no record of receiving a cure payment satisfying the $375 part of the Verizon Wireless Claim.

9. Although it includes a contract described as "Telecom & Network Services" with counterparty "Verizon", the *Amended Notice of (A) Executory Contracts and Unexpired Leases to be Assumed by the Debtors Pursuant to the Plan, (B) Cure Amounts, if, Any, and (c) Related Procedures in Connection Therewith* filed on June 19, 2023 [Docket No. 634] (the "Assumption Notice") does not list any contracts with Verizon Business, nor does the "Verizon" contract description mention Verizon Business's long distance/online services specified in the Verizon Wireless Claim.

10. If the "Verizon" contract listed on the Assumption Notice was intended to describe the Debtors' agreement with Verizon Business, that was unclear.

11. Importantly, Verizon Business has no records of receiving $375 as a cure payment in connection with Account No. 4501908100001.

12. To the extent that the contract between Verizon Business and the Debtors has been assumed pursuant to the Debtors' plan, the Verizon Wireless Claim should not be expunged until Verizon Business's right to a cure is satisfied.

13. Moreover, the Debtors' own Court filings clearly demonstrate that they have records of doing business with Verizon Wireless and they are aware that Verizon Wireless is the trade name of Cellco Partnership.

14. The Debtors' Utility Motion identifies "Verizon Wireless" as a utility provider and cites "9914185413" as the related account number. This detail unequivocally demonstrates the existence of business transactions between the Debtors and Verizon Wireless.

#187789210v1

15. It is important to note that the number "9914185413", as mentioned by the Debtors, correlates with the invoice number for August 23, 2023, associated with Verizon Wireless Account No. 048104175900001. The reference to this specific invoice number in the Utility Motion further substantiates that the Debtors have indeed received and acknowledged invoices from Verizon Wireless, pertaining to Account No. 048104175900001. This sequence of references and records underscores the clear business relationship between the Debtors and Verizon Wireless.

16. The Debtors' Objection identifies "Cellco Partnership d/b/a Verizon Wireless" as the claimant of the Verizon Wireless Claim, demonstrating their awareness of Cellco Partnership's trade name, Verizon Wireless.

17. Therefore, given the established records of transactions and invoice acknowledgments between the Debtors and Verizon Wireless, as well as the Debtors' awareness of Cellco Partnership's trade name Verizon Wireless, the pre-petition balance of $5,904.25 under Account No. 048104175900001 should not be dismissed on the grounds of an alleged absence of business dealings with Cellco Partnership d/b/a Verizon Wireless.

WHEREFORE, Verizon Wireless respectfully requests that this Court enter an Order:

a. overruling the Objection as to the Verizon Wireless Claim; and

b. granting such other and further relief as this Court may deem equitable and proper.

#187789210v1

Dated:  March 1,  2024

Respectfully submitted,

/s/ *Mark H. Ralston*
Mark H. Ralston
State Bar No. 16489460
Fishman Jackson PLLC
E-mail: mralston@fishmanjackson.com
4835 LBJ Frwy, Suite 475
Dallas, TX 75244
Tel: (972) 419-5544; Fax: (972) 419-5501

and

Darrell W. Clark, Esq.
Tracey M. Ohm, Esq.
Ruiqiao Wen, Esq.
Stinson LLP
1775 Pennsylvania Ave. NW, Suite 800
Washington, DC 20006
E-Mail: darrell.clark@stinson.com
E-Mail: tracey.ohm@stinson.com
E-Mail: ruiqiao.wen@stinson.com
Tel: (202) 346-6908; Fax: (202) 572-9948

*Counsel for Cellco Partnership
d/b/a Verizon Wireless*

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2024, a copy of the foregoing Response of Cellco Partnership d/b/a Verizon Wireless to the Reorganized Debtors' Fourth Omnibus Objection to Certain Proofs of Claim (Overstated Claims) was served via the Court's CM/ECF electronic notification system on all parties receiving notice thereby, and via U.S. Mail on the parties below:

MCDONALD HOPKINS LLC
Attn: Shawn M. Riley
Attn: David A. Agay
Attn: Nicholas M. Miller
Attn: Maria G. Carr
600 Superior Avenue, E.
Suite 2100
Cleveland, OH 44114

*Co-Counsel to the Reorganized Debtors*

JACKSON WALKER LLP
Attn: Matthew D. Cavenaugh
Attn: Jennifer F. Wertz
Attn: J. Machir Stull
Attn: Victoria N. Argeroplos
1401 McKinney Street, Suite 1900
Houston, TX 77010

*Co-Counsel to the Reorganized Debtors*

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Ryan Blaine Bennett, P.C.
Yusuf Salloum
300 North LaSalle Street
Chicago, Illinois 60654

*Co-Counsel to the Reorganized Debtors*

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Attn: Erica D. Clark
601 Lexington Avenue
New York, New York 10022

*Co-Counsel to the Reorganized Debtors*

/s/ Mark H. Ralston
Mark H. Ralston

#187789210v1