## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| INVACARE CORPORATION, *et al.*,[1] | Case No. 23-90068 (CML) |
| Reorganized Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 726, 793** |

## INVACARE CORPORATION'S RESPONSE TO LORI BORCHARDT'S EMERGENCY MOTION FOR LEAVE TO FILE LATE RESPONSE TO OBJECTION TO PROOF OF CLAIM NO. 10171 FILED BY LORI BORCHARDT

1.      Invacare Corporation ("Invacare"), one of the above-captioned reorganized debtors[2] (the "Reorganized Debtors") submits this response (the "Response") to Lori Borchardt's ("Borchardt") *Emergency Motion for Leave to File Late Response to Objection to Proof of Claim No. 10171 Filed by Lori Borchardt* [Docket No. 793] (the "Motion"). By the Motion, Borchardt seeks leave to file an untimely response to *Invacare Corporation's Objection to Proof of Claim No. 10171 Filed by Lori Borchardt* [Docket No. 726] (the "Objection").

2.      On February 2, 2024, Invacare properly served the Objection on Borchardt and her counsel at the exact addresses listed on Borchardt's Proof of Claim No. 10171 (the "Proof of Claim"). (*See* Proof of Claim No. 10171; *see also* Certificate of Service [Docket No. 756].)

---

[1]     The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: Invacare Corporation (0965); Freedom Designs, Inc. (4857); and Adaptive Switch Laboratories, Inc. (6470). The corporate headquarters and the mailing address for the Reorganized Debtors is 1 Invacare Way, Elyria, Ohio 44035.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' First Amended Joint Chapter 11 Plan of Invacare Corporation and Its Debtor Affiliates (Technical Modifications)* [Docket No. 502] (as amended, supplemented, or modified from time to time, the "Plan"), as applicable. On May 18, 2023, the Court entered the Corrected Order Confirming the Debtors' First Amended Joint Chapter 11 Plan of Invacare Corporation and Its Debtor Affiliates (Technical Modifications) [Docket No. 576] (the "Confirmation Order"), which corrected internal cross references in the Plan and Confirmation Order.

Thereafter, Invacare received no formal or informal response to the Objection from either Borchardt or her counsel on or before the March 4, 2024 response deadline.  Accordingly, Invacare filed a Certificate of No Objection with respect to the Objection [Docket No. 784] on March 27, 2024.  As of the date of this Response, the Court has not yet entered the proposed order attached to the Certificate of No Objection.

3.      Borchardt now seeks leave to file a late response to the Objection, claiming that "neither Borchardt nor her bankruptcy counsel received the Claim Objection mailed by Epiq," Invacare's claims and noticing agent.[3]  However, the certificate of service filed by Epiq directly contradicts this statement.  Indeed, the certificate states that Epiq caused the Objection to be served "by causing true and correct copies of the. . . [ ] Borchardt Objection to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed Exhibit P, on February 2, 2024."  Certificate of Service [Docket No. 756].  The addresses listed on the relevant exhibit include the addresses of both Borchardt and her counsel, exactly as listed on Borchardt's Proof of Claim and as required by the applicable rules.  *See* Fed. Bankr. R. 3007(a)(2) (the objection should be served "on a claimant by first-class mail to the person most recently designated on the claimant's original or amended proof of claim as the person to receive notices, at the address so indicated").  Relevant excerpts of the Certificate of Service are attached hereto as Exhibit A.  In light of this, Borchardt should not now be allowed to file an untimely response to the Objection simply because she has offered an unsupported statement that she and her counsel did not receive service of the Objection.

---

[3]      *See* Motion, ¶ 6.  Notwithstanding that the Court has not yet ruled on the Motion or granted the relief requested therein, Borchardt nonetheless filed an untimely response to the Objection at Docket No. 794.  Thus, in addition to denying the Motion, the Court should enter an order striking the unauthorized response found at Docket No. 794.

2

4.      Rule 9006(b) of the Federal Rules of Bankruptcy Procedure allows a court to accept a late-filed response only when the failure to act was the result of excusable neglect, and "[a]bsent an affirmative showing of excusable neglect, a trial court does not abuse its discretion in refusing an untimely offer."  Fed. R. Bankr. P. 9006(b); *Slaughter v. S. Talc Co.*, 919 F.2d 304, 307 (5th Cir. 1990) (citation omitted). "Excusable neglect is the failure to timely perform a duty due to circumstances that were beyond the reasonable control of the person whose duty it was to perform*." Omni Mfg., Inc. v. Smith (In re Smith)*, 21 F.3d 660, 666 (5th Cir. 1994).  The purpose of this "excusable neglect" requirement is to "deter creditors or other parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve under Rule 9006(b)(1)." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993).

5.      Here, notably, Borchardt does not offer any evidence that would support the unsworn statements in the Motion that neither Borchardt nor her counsel received service of Epiq's mailings to the two addresses set forth in the Proof of Claim and Certificate of Service.  Nor did she offer any details about the timing and circumstances under which she and her counsel allegedly became aware of the Objection.  Finally, Borchardt did not offer any explanation regarding whether or how the delay in responding was the result of excusable neglect.  Indeed, based on the only evidence before the Court, Borchardt and her counsel are presumed to have received service of the Objection, and her failure to file a timely response to the Objection was not the result of excusable neglect.  *See Wells Fargo Bus. Credit v. Ben Kozloff, Inc.,* 695 F.2d 940, 944 (5th Cir. 1983) ("A letter properly addressed, stamped and mailed may be presumed to have been received"); *In re d'Amico*, No. 93-1429, 1993 WL 293293, at *2 (E.D.La. July 26, 1993), aff'd, 19 F.3d 15 (5th Cir. 1994) (affirming conclusion that failure to file timely proof of claim was not due

3

to excusable neglect where the creditor was provided adequate notice and the only reason for the 24-day delay was claimant's "inadvertence, which was not 'excusable'"); *Bank of Am., N.A. v. Allen Capital Partners, L.L.C. (In re DLH Master Land Holding, L.L.C.)*, 464 F. App'x 316, 318 (5th Cir. 2012) (affirming bankruptcy court's decision to deny a creditor's motion to file its proof of claim forty-two days late).

6.     The result does not change in light of Borchardt's declaration that she only seeks a recovery against Invacare's insurer and not against the Debtors' estates.  *See* Motion at ¶ 17. Without evidence on any of the other factors, the Motion should be denied, and the Court should sustain the Objection.

## Reservation of Rights

7.     The Objection and this Response are limited to the grounds stated therein.  They are without prejudice to the rights of Invacare or any other party in interest to object to the Borchardt Claim on any additional grounds.  Invacare expressly reserves all further substantive or procedural objections it may have.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against Invacare or any other Reorganized Debtor entity; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of Invacare's rights under the Bankruptcy Code or any other applicable law.

4

8.      In the event that the Borchardt Claim is not disallowed and expunged, Invacare hereby reserves all rights to conduct discovery and object to the Borchardt Claim, or any amended claim, on any other grounds.  Additionally, Invacare expressly reserves all rights to amend, modify, or supplement the objections asserted herein and to file additional objections to the Borchardt Claim.

## <u>Conclusion</u>

9.      For the foregoing reasons, Invacare respectfully requests that the Court enter an order: (i) sustaining the Objection in its entirety, (ii) denying the Motion, (iii) striking the response to the Objection filed at Docket No. 794; and (iv) granting such other and further relief as is just and proper under the circumstances.

33445352.3

Houston, Texas

Dated: April 15, 2024

/s/  Nicholas M. Miller

**MCDONALD HOPKINS LLC**
Shawn M. Riley (admitted *pro hac vice*)
David A. Agay (admitted *pro hac vice*)
Nicholas M. Miller (admitted *pro hac vice*)
Maria G. Carr (admitted *pro hac vice*)
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
Email:  sriley@mcdonaldhopkins.com
        dagay@mcdonaldhopkins.com
        nmiller@mcdonaldhopkins.com
        mcarr@mcdonaldhopkins.com

*Co-Counsel to the Reorganized Debtors*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Ryan Blaine Bennett, P.C. (admitted *pro hac vice*)
Yusuf Salloum (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: ryan.bennett@kirkland.com
        yusuf.salloum@kirkland.com

*Co-Counsel to the Reorganized Debtors*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
J. Machir Stull (TX Bar No. 24070697)
Victoria N. Argeroplos (TX Bar No. 24105799)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email:  mcavenaugh@jw.com
        jwertz@jw.com
        mstull@jw.com
        vargeroplos@jw.com

*Co-Counsel to the Reorganized Debtors*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Erica D. Clark (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900
Email: erica.clark@kirkland.com

*Co-Counsel to the Reorganized Debtors*

## **<u>Certificate of Service</u>**

I certify that on April 15, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

33445352.3

## **Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| INVACARE CORPORATION, *et al.*,[1] | ) Case No. 23-90068 (CML) |
| | ) |
| Reorganized Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Ref. Docket Nos. 716-731** |

## CERTIFICATE OF SERVICE

I, JANICE LIVINGSTONE, hereby certify that:

1. I am employed as a Senior Case Manager by Epiq Corporate Restructuring, LLC, with their principal office located at 777 Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2. I caused to be served the:

   a. "Reorganized Debtors' First Omnibus Objection to Certain Misclassified Proofs of Claim," dated February 1, 2024 [Docket No. 716], (the "1st Omni Objection"),

   b. "Reorganized Debtors' Second Omnibus Objection to Certain Proofs of Claim (Non-Debtor Claims)," dated February 1, 2024 [Docket No. 717], (the "2nd Omni Objection"),

   c. "Reorganized Debtors' Third Omnibus Objection to Certain Proofs of Claim (Undetermined Claims)," dated February 1, 2024 [Docket No. 718], (the "3rd Omni Objection"),

   d. "Procedures for Filing and Serving Notices of Omnibus Claims Objections," dated February 1, 2024, a copy of which is annexed hereto as Exhibit A, (the "Objection Procedures"),

   e. "Notice of Reorganized Debtors' Second Omnibus Objection to Certain Proofs of Claim (Non-Debtor Claims)," dated February 1, 2024, *related to Docket No. 717*, (the "2nd Omni Notice"), a copy of which is annexed hereto as Exhibit B,

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Invacare Corporation (0965); Freedom Designs, Inc. (4857); and Adaptive Switch Laboratories, Inc. (6470). The corporate headquarters and the mailing address for the Debtors is 1 Invacare Way, Elyria, Ohio 44035.

f.  "Notice of Reorganized Debtors' Third Omnibus Objection to Certain Proofs of Claim (Undetermined Claims)," dated February 1, 2024, *related to Docket No. 718*, (the "3rd Omni Notice"), a copy of which is annexed hereto as <u>Exhibit C</u>,

g.  *customized* "Notice of Reorganized Debtors' Third Omnibus Objection to Certain Proofs of Claim (Undetermined Claims)," dated February 1, 2024, (the "Custom 3rd Omni Notice"), a sample of which is annexed hereto as <u>Exhibit D</u>,

h.  "Invacare Corporation's Objection to Proof of Claim No. 10217 Filed by Carter Healthcare, Inc.," dated February 1, 2024 [Docket No. 719], (the "Carter Objection"),

i.  "Invacare Corporation's Objection to Proofs of Claim Nos. 10282 and 304 Filed by Marty J. and Shane Raines," dated February 1, 2024 [Docket No. 720], (the "Raines Objection"),

j.  "Invacare Corporation's Objection to Proof of Claim No. 266 Filed by Thomas Miklich," dated February 1, 2024 [Docket No. 721], (the "Miklich Objection"),

k.  "Invacare Corporation's Objection to Proof of Claim No. 10333 Filed by Richard Stack," dated February 1, 2024 [Docket No. 722], (the "Stack Objection"),

l.  "Invacare Corporation's Objection to Proof of Claim No. 33 Filed by Bernardo Maglalang," dated February 1, 2024 [Docket No. 723], (the "Maglalang Objection"),

m.  "Invacare Corporation's Objection to Proofs of Claim Nos. 10319 and 282 Filed by Patricia Berg," dated February 1, 2024 [Docket No. 724], (the "Berg Objection"),

n.  "Invacare Corporation's Objection to Proof of Claim No. 10032 Filed by George Pfeifer," dated February 1, 2024 [Docket No. 725], (the "Pfeifer Objection"),

o.  "Invacare Corporation's Objection to Proof of Claim No. 10171 Filed by Lori Borchardt," dated February 1, 2024 [Docket No. 726], (the "Borchardt Objection"),

p.  "Invacare Corporation's Objection to Proof of Claim No. 10339 Filed by Robert Cottrill," dated February 1, 2024 [Docket No. 727], (the "Cottrill Objection"),

q.  "Reorganized Debtors' Objection to Proofs of Claim Nos. 10161, 10163, and 10165 Filed by Beverly Broadmax," dated February 1, 2024 [Docket No. 728], (the "Broadmax Objection"),

r.  "Invacare Corporation's Objection to Proof of Claim No. 16 Filed by Fedex Corporate Services, Inc.," dated February 2, 2024 [Docket No. 729], (the "Fedex Objection"),

s.  "Reorganized Debtors' Amended First Omnibus Objection to Certain Misclassified Proofs of Claim," dated February 2, 2024 [Docket No. 730], (the "Amended 1st Omni Objection"),

t. "Reorganized Debtors' Fourth Omnibus Objection to Certain Proofs of Claim (Overstated Claims)," dated February 2, 2024 [Docket No. 731], (the "4th Omni Objection"),

u. "Notice of Reorganized Debtors' First Omnibus Objection to Certain Misclassified Proofs of Claim," dated February 2, 2024, *related to Docket No. 730*, (the "Amended 1st Omni Notice"), a copy of which is annexed hereto as <u>Exhibit E</u>, and

v. "Notice of Reorganized Debtors' Fourth Omnibus Objection to Certain Proofs of Claim (Overstated Claims)," dated February 2, 2024, *related to Docket No. 731*, (the "4th Omni Notice"), a copy of which is annexed hereto as <u>Exhibit F</u>,

by causing true and correct copies of the:

i. 1st Omni Objection, 2nd Omni Objection, 3rd Omni Objection, and Objection Procedures to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed <u>Exhibit G</u>, on February 1, 2024,

ii. Amended 1st Omni Objection, Objection Procedures, and 4th Omni Objection to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed <u>Exhibit G</u>, on February 2, 2024,

iii. 1st Omni Objection, 2nd Omni Objection, 3rd Omni Objection, and Objection Procedures to be delivered via electronic mail to those parties listed on the annexed <u>Exhibit H</u>, on February 1, 2024,

iv. Amended 1st Omni Objection, Objection Procedures, and 4th Omni Objection to be delivered via electronic mail to those parties listed on the annexed <u>Exhibit H</u>, on February 2, 2024,

v. Amended 1st Omni Objection, Amended 1st Omni Notice, and Objection Procedures to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed <u>Exhibit I</u>, on February 2, 2024,

vi. 2nd Omni Objection, 2nd Omni Notice, and Objection Procedures to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed <u>Exhibit J</u>, on February 2, 2024,

vii. 3rd Omni Objection, 3rd Omni Notice, and Objection Procedures to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed <u>Exhibit K</u>, on February 2, 2024,

viii.    4th Omni Objection, 4th Omni Notice, and Objection Procedures to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed <u>Exhibit L</u>, on February 2, 2024,

ix.    3rd Omni Objection, Custom 3rd Omni Notice, and Objection Procedures to be enclosed securely in a postage pre-paid envelope and delivered via first class mail to one party whose name and address is confidential and therefore not included, on February 2, 2024,

x.    Carter Objection to be enclosed securely in a postage pre-paid envelope and delivered via first class mail to the following party: *Carter Healthcare Inc, c/o Conner & Winters 4100 First Place Tower, 15 E Fifth St, Tulsa, OK 74103*, on February 2, 2024,

xi.    Raines Objection to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed <u>Exhibit M</u>, on February 2, 2024,

xii.    Miklich Objection to be enclosed securely in a postage pre-paid envelope and delivered via first class mail to the following party: *Miklich, Thomas, Address on file*, on February 2, 2024,

xiii.    Stack Objection to be enclosed securely in a postage pre-paid envelope and delivered via first class mail to the following party: *Stack, Richard, Address on file*, on February 2, 2024,

xiv.    Maglalang Objection to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed <u>Exhibit N</u>, on February 2, 2024,

xv.    Berg Objection to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed <u>Exhibit O</u>, on February 2, 2024,

xvi.    Pfeifer Objection to be enclosed securely in a postage pre-paid envelope and delivered via first class mail to the following party: *Pfeifer, George, c/o Shaffer & Gaier LLC 1628 JFK Blvd, Ste 400 Philadelphia, PA 19103*, on February 2, 2024,

xvii.    Borchardt Objection to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed <u>Exhibit P</u>, on February 2, 2024,

xviii.    Cottrill Objection to be enclosed securely in a postage pre-paid envelope and delivered via first class mail to the following party: *Cottrill, Robert, c/o Madden Law Group Attn Patrick H Madden, 116 S Main St, Mayville, WI 53050*, on February 2, 2024,

xix.    Broadmax Objection to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed <u>Exhibit Q</u>, on February 2, 2024, and

xx.    Fedex Objection to be enclosed securely in a postage pre-paid envelope and delivered via first class mail to the following party: *Fedex Corporate Services Inc, as Assignee of Fedex Express/Ground Freight/Office, 3965 Airways Blvd, Module G, 3rd Fl, Memphis, TN 38116-5017*, on February 2, 2024.

3.    All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO THE ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

*/s/ Janice Livingstone*
Janice Livingstone

**EXHIBIT P**

INVACARE CORPORATION, *et al.*
Case No. 23-90068 (CML)
First Class Mail Additional Service List

BORCHARDT, LORI RENEEE
C/O JOHN C LEININGER
5420 LBJ FWY, STE 1225
DALLAS TX 75240

BORCHARDT, LORI RENEEE
ADDRESS ON FILE